Bergman v. Sells & Co.

---

BERGMAN v. SELLS & CO.

| 39 | 97 |
| 56 | 293 |
| 39 | 97 |
| 72 | 325 |

1. LIEN:   *Attachment: Garnishment.*

The lien of an attachment binds the defendant's property in the county
from the time the writ is delivered to the officer, and a purchase of his
property after that time is subject to the lien; but the lien of a garnish-
ment dates from the time the garnishment writ *is served* upon the
garnishee, and a sale and transfer by the defendant of his choses in
action, not subject to execution, before such service, will be good.

2. SAME: *Priority of purchase over lien: Proof of.*

The burden of proof that a purchase of debts made on the same day of the service of a garnishment was before the service, is upon the purchaser.

3. ATTACHMENT LIEN: *When attachment bond insufficient.*

When objections to an attachment bond are sustained by the court, the filing of an amended bond under the leave and approval of the court will cure the defects of the original bond, and support the attachment and lien.

APPEAL from *Chicot* Circuit Court.

Hon. T. F. SORRELS, Circuit Judge.

*Martin & Martin,* for appellant:

1. There was *no evidence to support* the verdict. *Martin v. Scull, 23 Ark.; State v. Jennings, 10 ib., 451.*

2. The court erred in refusing appellant's instructions numbered 1, 2 and 6. (*Merrick & Fenno v. Hutt, 15 Ark., 343; Frellson v. Green, etc., 19 ib., 378; Cooper v. Reynolds, 10 Wall. U. S., 308.*) The first, second, third, sixth, ninth and tenth should all have been given. *Drake on Attachment, sec. 409; Paine's Lessee v. Moreland, 15 Ohio, 435; Field et al. v. Dortch, 34 Ark., 399.*

3. While the attachment under *section 404 Gantt's Digest,* amending *section 232 Civil Code,* became a *general lien* on the property of defendant, subject to *be seized under an execution* from the *time of its delivery to the officer,* and not from its *teste,* it did not become *special* until the *levy.* (*Davis v. Oswalt, ex'r, 18 Ark., 419; Arnett v. Arnett, 14 ib., 57; Mundy v. Bryan, 18 Mo., 29; Grosvenor v. Gold, 19 Mass., 209; 10 Yerg., 328.*) Where a Sheriff levies upon personal property, and by direction of plaintiff permits it to remain in possession of defendant, and returns the execution without sale, the levy will not continue a lien against *intervening rights of other persons.* (*18 Ark., 515; 2 John. R., 422; 3*

*Rawle, 341; 1 Brown, 368.*) "Such lien is regarded as dormant and fraudulent as against other creditors." (*Carmell v. Cook, 7 Cowen, 315.*) It is the duty of the officer to *take* and *keep possession. Sec. 2851 Gantt's Digest.*

Possession of personal property is *prima facie* evidence of title. (*2 Ark., 276; 17 ib., 155.*) Appellant bought and paid for the property before the *levy*, from Cohen, who was in possession, and that possession was given to him before levy or garnishment served, and his title is paramount to that of any attaching creditor or the Sheriff. *15 Ohio, 435; 19 Ark., 378; 34 ib,, 399; 7 Ohio, 257; 15 Ark., 343; 10 Wall., 308; Drake on Attachment, sec. 409.*

*Mark Valentine,* for appellees:

By *section 232 Civil Code,* an attachment binds defendant's property from the time it goes into the hands of the officer, as it is bound by an execution (*Gould's Digest, p. 505, chap. 68, sec. 35; Gantt's Digest, sec. 2622*), and this against subsequent purchasers. (See, also, *sec. 233 Ky. Code,* of which our section 222 is a literal copy, and *Phelps v. Ratcliffe, 3 Bush., 334.*) See, also, *18 Ark., 315; 19 ib., 378.*

The bond was properly amended under *sections 4820, 4824, Gantt's Digest.*

Bussey & Co.'s mortgage was not introduced in evidence. Appellants' instructions rightly refused, as they were based on the theory that the attachment was a lien only from the levy, when it was a lien from the time it came to the officer's hands.

### STATEMENT.

ENGLISH, C. J.  Sells & Co. sued Harris and Isaac Cohen, partners, under the firm name of Isaac Cohen, in the Circuit Court of Chicot County, on a bill of exchange for $1,523.36.

On an affidavit and bond, an attachment was issued in the suit, eighth of December, 1876, which came to the hands of the Sheriff at 2 o'clock p. m. of that day, and on the fourteenth day of the same month was levied upon a stock of merchandise and storehouse, etc., as the property of defendants.

There was also a garnishment clause in the writ of attachment, and persons specially named as garnishees were served, and answered.

John Bergman claimed and bonded the property seized under the attachment, and interpleaded for it, and also the debts due from the garnishees. There was a trial of the interplea, verdict and judgment against the interpleader, a new trial refused him, and he took a bill of exceptions, and appealed.

OPINION.

1. On the trial the interpleader proved that on the *eleventh* of December, 1876 (which was after the writ of attachment came to the hands of the Sheriff, but before its levy), Isaac Cohen sold and conveyed to him by deed of that date, all the property attached, and also all his notes, bills, book accounts, evidences of debt, etc.

1. Attachment lien: When lien attaches. Before the adoption of the Civil Code a writ of attachment was not a lien on property until levied upon it. *Merrick & Fenno v. Hutt, 15 Ark., 343; Lamb v. Belden, 16 ib., 539; Frellson v. Green, ad., 19 ib., 376.*

But by section 232 of the Code, as amended in 1871, "An order of attachment binds defendant's property in the county, which might be seized under an execution against him, from the time of the delivery of the order to the Sheriff or other officer; and the lien of the plaintiff is completed upon the property or demand of the defendant, by executing the order upon it in the manner directed in this chapter." *Gantt's Digest, sec. 404.*

The merchandise and building seized under the attachment in the case were of a character of property subject to execution, and the attachment became a general lien upon the property from the time it came to the hands of the Sheriff, which was made specific by the levy, and appellant purchased subject to the lien.

It follows that the court below properly refused to instruct the jury, as moved by appellant, that if they believed from the evidence that he purchased the property attached before the attachment was levied thereon, they would find for him.

And the court, on the contrary, correctly charged the jury, at the instance of appellees, in effect, that if appellant purchased the property of the defendants in the attachment after it came to the hands of the Sheriff, his purchase was subject to the lien thereby created, and completed by the levy.

2. But the Code has made no change of the law as to the lien of a garnishment. By the service of the writ upon a garnishee, and not by its delivery to the officer, the plaintiff in an attachment fixes a lien upon indebtedness of the garnishee to the defendant in the attachment. *Desha v. Baker, 3 Ark., 509; Watkins v. Field, 6 ib., 391; Martin et al. v. Foreman, 18 ib., 251.*

*Garnishment lien: When it attaches.*

Hence, after the writ of attachment comes to the hands of the Sheriff, but before its service on garnishees, the defendants in the attachment may make a valid sale and transfer of choses in action not subject to execution.

The court below, therefore, erred in refusing the *sixth* instruction moved for appellant, that: "If the jury believe, from the evidence, that the sale and transfer by Cohen to Bergman, of the debts due Cohen, was complete before the several writs of garnishment were served on the garnishees herein, then they must find for the interpleader as to such debts."

2. Priority of purchase over lien. Burden of proof.    It appeared upon the trial, from the returns of the Sheriff, that garnishee J. P. Wallworth was served with the garnishment on the eighth of December, 1876, which was before the sale by Isaac Cohen to appellant.

It also appeared that garnishees Benj. H. Smith, Benj. Johnson, Wm. Jones, Squire Williams, Just. Turner and Braden Brown were served with the garnishment on the *eleventh* of December, which was the day of the sale by Isaac Cohen to appellant, but whether before or after the sale, was not proved. The burden was upon appellant, as interpleader, to prove that he acquired, by valid sale and transfer, title to the debts which these garnishees owed defendants in the attachment before a lien was fixed upon them in favor of the appellees by service of the garnishments.

It appears that garnishees J. F. Robinson, W. B. Street and George Mitchell, were served with the garnishment on the *twelfth* of December, which was after appellant's purchase.

3. Attachment lien. When attachment bond insufficient.    3. Appellant. asked the court to charge the jury (instruction No. 3), that: "No attachment can be issued, nor attachment lien created, until the bond required by law had been executed and approved. And if the jury believe, from the evidence, that the sale and transfer from Cohen to Bergman of the goods and effects levied on herein was perfect and complete before such bond was executed, then they must find for the interpleader, John Bergman."

This instruction the court refused.

Appellees filed a bond before the attachment issued, and objections thereto having been made by the defendant in the attachment, and sustained by the court, appellees were permitted to file an amended bond, under the approval of the court. (See *section 436 Gantt's Digest.*) The instruction was properly refused.

4. Appellant moved the following instruction (No. 5), which the court refused: "If the jury believe, from the evidence, that at the time of the issuance or service of the attachment herein, Bussey & Co. had a mortgage lien on the property attached herein, and that interpleader, John Bergman, had paid off and discharged said lien, and taken an assignment of the notes and mortgage to himself, then the said Bergman was entitled to be subrogated to the rights of said Bussey & Co.; and if the rights of said Bussey & Co. in said property were prior and superior to any lien acquired by plaintiffs by their attachment, then they will find for the interpleader."

In the deed from Isaac Cohen to appellant, introduced in evidence by him, reference is made to a mortgage held by Bussey & Co., of New Orleans, and appellant, in his testimony, stated that he "paid off the Bussey mortgage and took up the notes due Bussey & Co.," and this is all he said about the mortgage, and it was not produced or introduced in evidence.

What the mortgage covered, the amount of debt secured, or whether it had been assigned to appellant or not, was not shown.

Upon the vague facts in evidence, the instruction was properly refused.

It is not deemed of importance to notice any other question reserved in the bill of exceptions.

For the error above indicated, the judgment must be reversed, and the cause remanded for a new trial on the interplea.