TEICHMAN COMMISSION COMPANY, Interpleader, Respondent, v. AMERICAN BANK, Plaintiff and Garnishee on Execution, Appellant.

Kansas City Court of Appeals, November 21, 1887.

1. INTERPLEADER—CONTEST WITH JUDGMENT CREDITOR—ISSUES BETWEEN.—In the case of a contest between a judgment creditor enforcing his debt by execution, and an interpleader claiming the property sought to be reached, as defendant's, as his own, the primary question is not whether the property is that of the defendan

in the execution, but, rather, whether it is that of the interpleader. The interpleader must recover on the strength of his own right.

2. PRACTICE—INSTRUCTIONS—WHEN COURT JUSTIFIED IN REFUSING. The mere fact that instructions which were refused by the trial court stated correct propositions, would not, necessarily, justify the court in giving them, when those given in the cause fully cover the issues.

APPEAL from Lafayette Circuit Court, HON. JOHN P. STROTHER, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

WALLACE & CHILES, for the appellant.

I. The court below erred in giving the instructions numbered one, two, three, and four, on the part of interpleader, said Teichman Commission Company. Said instruction numbered one is erroneous in assuming that L. W. Wernwag was the agent of said interpleader, and studiously avoids submitting to the jury the question on the evidence as to whether said Wernwag was such agent of interpleader. It asserts the abstraction that interpleader "had the right to employ an agent to buy wheat," etc., and then submits to the jury the question, from the evidence, as to whether interpleader furnished the money in controversy to such assumed agent. The instruction was misleading to the jury. Besides, there was no evidence that interpleader "furnished" any money to Wernwag to purchase wheat for it, or ship wheat to it, and is erroneous as to the legal effect of a deposit in the name of L. W. Wernwag, agent. *Willis v. Stevens*, 24 Mo. App. 494; *Bonine v. City of Richmond*, 75 Mo. 437; *Conway v. Railroad*, 24 Mo. App. 235; *Mead v. Brotherton*, 30 Mo. 201-2; *Railroad v. Cleavy*, 75 Mo. 634. Said instruction numbered two is erroneous, because there was no evidence to warrant the same. It submits a question of law to the jury. Said instruction numbered three is a medley of errors. The first branch of such in-

struction is an abstraction, calculated to mislead the jury, and is not true as a proposition of law, and there is no evidence to warrant it, no evidence that said company was engaged in the business of buying wheat for itself. The latter branch of this instruction, which tells the jury that, if they believe, from the evidence, "that L. W. Wernwag kept such money in the bank in the name of L. W. Wernwag, agent, then such fact was notice to the bank that he, Wernwag, held said money in a fiduciary character, and not as his own," is not necessarily true, as a proposition of law. It precludes the theory of his doing business and depositing his money by the name of "L. W. Wernwag, agent," which the evidence tended to show. *Eyerman v. Bank*, 13 Mo. App. 269; *Rose v. Rubeling*, 24 Mo. App. 369; *Mc-Coney v. Wallace*, 22 Mo. App. 377; *Sheedy v. Streeter*, 70 Mo. 679. The fourth instruction is erroneous in that the facts hypothecated do not warrant the deductions, and that it singles out the facts therein recited. *Hackman v. Maguire*, 20 Mo. App. 286; *State ex rel. v. St. Louis Brokerage Co.*, 85 Mo. 411; *Brown v. Ins. Co.*, 86 Mo. 51.

II. The court below erred in refusing the instructions to the jury numbered one, three, four, five, six, seven, eight, nine, ten, and eleven. Said instruction numbered one, correctly asserted the issue in this case, and correctly prescribed the form of the verdict, in case the jury should find against the interpleader, and in favor of the "American Bank," and should have been given. Said instruction numbered three asserts a correct proposition of law, on the evidence, in regard to the effect of "overdrafts" by said Wernwag (as granted by the court in instruction numbered two), with the further correct principle of law added, that such facts "do not give or constitute any lien or claim in favor of said Teichman Commission Company to such money, superior to the claim and lien of said American Bank, growing out of said garnishment of such money in the hands or

custody of said Lafayette County Bank," and should have been given, by way of informing the jury of the rights of said American Bank, arising from its diligence in getting judgment, execution, and a lien, by garnishee attachment, on said money. ' Rev. Stat., sects. 2517, 2518, 2520; *Knecht, Adm'r, v. Savings Institution*, 2 Mo. App. 563; *Bank v. Hughes*, 17 Wend. 94. The court erred in refusing to give, and modifying instruction four. *Clements v. Yeates*, 69 Mo. 623. A cause of action cannot be made by instructions different from that made by the pleadings. *Duncan, Adm'r, v. Fisher*, 18 Mo. 403; *Bank v. Murdock & Armstrong*, 62 Mo. 70; *Wade v. Hardy*, 75 Mo. 394; *Price v. Railroad*, 72 Mo. 414; *Waldhier v. Railroad*, 71 Mo. 514; *Bullene v. Smith et al.*, 73 Mo. 151; *Glass v. Gelvin*, 80 Mo. 297; *Henry v. Rice*, 18 Mo. App. 497; *Storms v. White*, 23 Mo. App. 31. The court below erred in refusing said instruction numbered five, asked for by said American Bank. There is nothing in the facts hypothecated in the instructions, the main facts relied on by interpleader, nor in any facts in the case, creating such "fiduciary relation," either between said company and the Lafayette County Bank, nor between said bank and L. W. Wernwag, as to exempt such money in said Lafayette County Bank from garnishment on said execution of the American Bank, and the court should have so told the jury. There was no agreement, verbal or written, that the deposits of L. W. Wernwag were to be paid out by said Lafayette County Bank to the use of any specified person. The deposit was absolutely subject to the checks of L. W. Wernwag, or L. W. Wernwag, agent. *Judy v. Bank*, 81 Mo. 403. And no implied trust. *Foster v. Fride*, 37 Mo. 36; Adams' Eq. [3 Am. Ed.] side p. 28, top p. 157. The court erred in refusing instructions numbered seven, eight, nine, ten, and eleven. *Childs v. Cemetery Association*, — Mo. App. 74; *Agricultural Works v. Heisser*, — Mo. 128; *Ayres v. Bank*, 79 Mo. 421.

III. The court below erred in overruling the motion for a new trial, filed by said American Bank. And also erred in overruling the motion to arrest judgment, filed by said American Bank. The verdict of the jury is insufficient to authorize the judgment rendered herein, or any judgment whatever. The right to interplead, in cases like this, is limited to "any person claiming property, money, effects, and credits attached in the hands of a garnishee." Rev. Stat., sects. 2525, 449, pp. 425, 71. The claim of interpleader, in this case, is for "money," as contradistinguished from other personal property, viz., for $1,025, for which judgment is asked, as required by Revised Statutes, 1879, section 3511, page 601. The verdict does not respond to the claim, and does not ascertain the amount found by the jury for interpleader, whether one dollar, $1,025, or $1,025, less the six hundred dollars, or three hundred dollars, included in that amount, received by the Lafayette County Bank in drafts upon Butte & Albrecht; and did not warrant the judgment and order, entered by the court below, on such verdict. *Hewson v. Tootle*, 72 Mo. 652. Appellant submits that, for the errors aforesaid, the judgment below should be reversed, and judgment entered here for appellant.

John S. Blackwell and J. D. Shewalter, for the respondent.

Money furnished an agent to purchase goods is not liable to garnishment for the individual debts of the agent, especially his preëxisting debts, even though the agent should deposit the same in his own name, and this is true though the agent is to receive a per cent. of the profits, if any, arising from the transaction as compensation for his services, unless, at least, it be shown there was a profit and the agent under his employment was entitled to a part of the money attached as such. *Bank of Odessa v. Jennings*, 18 Mo. App. 651, and cases cited on pages 658 and 659; 2 Benj. on Sales [3 Ed.] 956;

Story Agency, sects. 413, 429, 430, etc.; *Wheeler et al v. Givan*, 65 Mo. 89. When the principal permits the agent to deal with the property as his own, and others contract with him on the faith thereof, the principal, in a proper case, may be estopped. But there is no case of estoppel here, as the debt was preëxisting, and no such issue is raised by the pleadings. There was no evidence of estoppel. None was pleaded, which is necessary. The verdict is in proper form. *Mills v. Thomson*, 61 Mo. 417; *Hewson v. Tootle*, 72 Mo. 636 and 637.

ELLISON, J.—The American Bank recovered a judgment in the Lafayette circuit court against "Lewis W. Wernwag, agent," and L. W. Wernwag, for $494.39. The judgment was the result of a suit on a note to said bank signed both by the name of "L. W. Wernwag, agent," and L. W. Wernwag. An execution was regularly issued on such judgment, under which the Lafayette County Bank was garnished as the debtor of Wernwag, as individual and as agent. The Lafayette County Bank filed its answer to the interrogatories propounded, in which it stated there was in its possession a balance of one thousand and twenty-five dollars to the credit of "L. W. Wernwag, agent." The interpleader herein filed its interplea claiming said money. The American Bank, plaintiff in the execution, filed an answer to the interplea denying each allegation therein. On a trial with a jury, there was a verdict for the interpleader and the American Bank appeals to this court.

The sole issue in the cause was whether this sum of $1,025.00 was, at the time of garnishment, the property of interpleader. Interpleader contends that the testimony shows, and such is its theory of the case, that about twelve years ago L. W. Wernwag failed, and has been wholly insolvent since; that soon afterward a note was endorsed by certain of his friends, among them, the president of American Bank, to allow him to continue business; that he did business with that bank until 1883,

through an arrangement with St. Louis merchants by which he bought grain, shipped to them and drew on them; about June, 1883, getting behind, this business ceased, and he gave the note, $396.21, to the American Bank, then Asbury-Catron Bank, for the balance against him; that then he made the arrangement with the interpleader by which he was to buy wheat for it; interpleader to furnish the money and the wheat to be shipped to it in its name; that Wernwag was to draw through the Lafayette County Bank, and interpleader to accept and pay drafts. The evidence tends to show that since the day of the arrangement and before, Wernwag was wholly insolvent and had no money whatever; that this money attached arose from drafts deposited by Wernwag as agent for interpleader.

The bank introduced evidence tending to show that Wernwag had used the word, "agent," in connection with his name before his relations with interpleader began, and that he transacted business as "agent" with other parties after such relations with interpleader; that the term agent was merely a sham. The evidence further tended to show that a portion of the money which went to make up the sum garnished, came from drafts on Butte & Albrecht, commission merchants, to whom Wernwag had made shipments of wheat. Two drafts on this firm of three hundred dollars each, were mentioned as having been drawn on this firm, though probably only one went into the account.

The following instruction was asked by the bank, but was refused as asked, and the words appearing therein in brackets, were interlined by the court, after which it was given against the objection of the bank:

"4. Even if the jury should believe, from the evidence, that the money drawn by said L. W. Wernwag on drafts for shipments of wheat on said 'Teichman Commission Company,' and deposited by said Wernwag in the Lafayette County Bank, to the credit of 'L. W. Wernwag, agent,' was, at the time of the garnish-

ment in this cause, the money of said 'Teichman Commission Company,' yet, if they believe and find, from the evidence, that a part of the money that went into said account, at said Lafayette County Bank, and from which, in part, resulted said balance of one thousand and twenty-five dollars, there remaining at the time of the service of the garnishment in this cause, arose and came from shipments of wheat to, and drafts upon, Butte & Albrecht, to-wit, to the extent of six hundred dollars [and that said six hundred dollars was the money of said Wernwag], then said 'Teichman Commission Company' cannot recover as to such sum of six hundred dollars, part of said sum of one thousand and twenty-five dollars, in any event."

This instruction, in effect, told the jury that, notwithstanding a portion of the money claimed by interpleader might have come through Butte & Albrecht; might have belonged to them, yet interpleader was entitled to recover. In other words, the only thing which could prevent interpleader from recovering would be to show that the property was Wernwag's. The money might not have belonged to either Wernwag or interpleader; if to neither, interpleader could not recover. It does not follow, under the branch of the evidence upon which this instruction is based, that if the money was not Wernwag's, it was that of interpleader. The primary question in this case is, not whether the property is that of the defendant in the execution, but, rather, whether it is that of the interpleader. The interpleader must recover on the strength of his own right. He should not be permitted to recover merely because an execution has been levied on property not that of the defendant in the execution. If such be the fact it will only injure the owner of the property. It is no concern of interpleader's.

The instruction should not fix the sum at six hundred dollars, for there is evidence tending to show

that the sum which went into the account was three hundred dollars, one draft not being paid.

Aside from the foregoing, the instructions seem to have been properly passed upon by the court. The mere fact that some of those refused, for the bank, stated correct propositions, would not necessarily justify the court in giving them when those given in the cause fully cover the issues. The fourth, given for interpleader, might well be qualified by the words, "for such company," after the words, "to purchase wheat," in the fourth line of the instruction.

The judgment is reversed and the cause remanded. Philips, P. J., concurs. Hall, J., absent.