THE TEICHMAN COMMISSION COMPANY, Respondent, v. THE AMERICAN BANK, Appellant.

### Kansas City Court of Appeals, April 15, 1889.

Appellate Practice : FORMER APPEAL, SECOND TRIAL IN CONFORMITY WITH. This case has been retried in substantial conformity to the opinion delivered on the former appeal reported in 27 Mo. App. 676, and an examination of appellant's objections failing to show any substantial errors in the court's action, the judgment is affirmed.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Wallace & Chiles,* for appellant.

(1) The court below erred in admitting illegal and incompetent evidence to the jury, on the part of interpleader, against the objections of and to the prejudice of garnishor, the American Bank as follows, viz: R. S., 1870, p. 622, sec. 3655 ; *Clements v. Yates,* 69 Mo. 623, at p. 625-6. A cause of action cannot be made even by written instructions different from that made by the pleadings. *Duncan v. Fisher,* 18 Mo. 403, at p. 404-5 ; *Bank v. Murdock,* 62 Mo. 70 ; *Wade v. Hardy,* 75 Mo. 394, at p. 399 ; *Price v. Railroad,* 72 Mo. 414, at p. 417-18 ; *Waldhier v. Railroad,* 71 Mo. 516-17; *Bullene v. Smith,* 73 Mo. 151, 162 ; *Glass v. Gelvin,* 80 Mo. 297, 302-3 ; *Henry v. Rice,* 18 Mo. App. 497, 507-8; *Storms v. White,* 23 Mo. App. 31, 34. (2) The court below erred in giving to the jury the instructions numbered 1, 2, 3, 4 and 5, on the part of interpleaders, said Teichman Commission Company. *Willis v. Stevens,* 24 Mo. App.

494, at 502-3 ; *Bonine v. City of Richmond*, 75 Mo. 437, at 439 ; *Conway v. Railroad*, 24 Mo. App. 235 ; *Mead v. Brotherton*, 30 Mo. 201-2 ; *Railroad v. Cleary*, 75 Mo. 634, at 638-9 ; *Eyerman v. Bank*, 13 Mo. App. 289 ; *Rose v. Ruberling*, 24 Mo. App. 369, 372 ; *McConey v. Wallace*, 22 Mo. App. 377, at 383-4 ; *Hines v. McKinney*, 31 Mo. 271 ; *Mead v. Brotherton*, 30 Mo. *supra* ; *Sheedy v. Streeter*, 70 Mo. 679 ; *Christian v. Wright*, 19 Mo. App. 165, at 168-9 ; *Hackman v. Maguire*, 20 Mo. App. 286, 289 ; *Bank v. Murdock*, 62 Mo. 70, at 73-4 ; *Ligerton v. Pomeroy*, 13 Mo. 620, at 625-6 ; *Clark v. Hammerle*, 27 Mo. 55, at 70 ; *State ex rel. v. Emmerson*, 74 Mo. 607 ; *State ex rel. v. Brokerage Co.*, 85 Mo. 411, 412 ; *Brown v. Ins. Co.*, 86 Mo. 51, at 54 ; *Miller v. Railroad*, 90 Mo. 389, at 395 ; *Skyles v. Bollman*, 85 Mo. 35 ; *Bank v. Armstrong*, 62 Mo. 59. (3) The court below manifestly erred in refusing to give to the jury the instructions numbered 5, 6, 7, 8, 9, 10, 11, 12, 13 and 13a, asked for by garnishor, said American Bank. These instructions are good law, authorized by the evidence, not covered by other instructions, and should have been given. R. S. 1879, ch. 36, secs. 2517, 2518 and 2520 ; *Knecht, Adm'r, v. Savings Inst.*, 2 Mo. App. 563 ; *Bank v. Hughes*, 17 Wend. 94, at 100-1 ; *Bank v. Tutt*, 5 Mo. App. 342, at 346 ; *Skyles v. Bollman*, 85 Mo. 35. The maxim, "*Qui prior est in tempore, potior est in jure*," applies in cases of garnishments. *Pritchard v. Toole*, 53 Mo. 356, 360 ; *Talbott v. Harding*, 10 Mo. 350, 352 ; 1 Story Eq. Jur. (4 Ed.) secs. 64c and 64d ; *Field v. Milburn*, 9 Mo. 492, at 495-6 ; *Sproule & Agnew v. McNulty*, 7 Mo. 62, at 63 ; *Briggs v. Block*, 18 Mo. 281 ; *Judy v. Bank*, 81 Mo. 404 ; *Foster v. Friede*, 37 Mo. 36, p. 43-4 ; Adam, Eq. (3 Am. Ed.) 3, p. 28, 157 ; *Child v. Cem. Ass'n*, 4 Mo. App. 74, p. 85-6 ; *Agr'l Works v. Heisser, Adm'r*, 51 Mo. 128 ; *Ayres v. Bank*, 79 Mo. 421, at p. 427 ; *Agr'l Works v. Heisser, Adm'r*, 51 Mo. 128, *supra* ; *Freeman & Snowden v. Camden*, 7 Mo. 298 ;

*Bryant v. Durkee*, 9 Mo. 169 ; *Thomas v. Relte*, 9 Mo. 377 ; *Eyerman v. Bank*, 13 Mo. App. 289 ; s. c., 84 Mo. 408 ; *Ayres v. Bank*, 79 Mo. 421 ; *Bullene v. Coates*, 79 Mo. 426 ; *Bateson v. Clark*, 37 Mo. 31, at 34 ; *State ex rel. v. Griffith*, 63 Mo. 545, at 548.

*Jno. S. Blackwell* and *J. D. Shewalter*, for respondent.

ELLISON, J.—This cause, when before us on another occasion, was remanded for a new trial on account of an error in an instruction. It will be found fully stated and explained in 27 Mo. App. 676, and need not be gone over again at this time. It has since been retried in substantial conformity to the opinion then delivered. The instructions, in our view, fully cover the issues in the case, and those for each party present in plain terms their respective theories. As remarked when the cause was here before, the mere fact that some of the instructions, refused for the bank, stated correct propositions, would not necessarily justify the court in giving them, when those, given in the cause, fully cover the issues.

The appellant made a number of objections to the testimony which the trial court overruled. We have examined those objections and find that no substantial error was committed in the court's action thereon. The remark of the trial court in passing on the evidence was certainly not an improper one.

After a careful examination of the matters complained of, we can see no valid reason for disturbing the judgment and it is therefore affirmed. All concur.