SIMON *v.* ADLER-GOLDMAN COMMISSION CO.

Opinion delivered June 4, 1892.

*Attachments—Priority of liens.*

Under sec. 325 of Mansf. Dig., providing that "an order of attachment binds the defendant's property in the county which might be seized under an execution against him from the time of the delivery of the order to the sheriff or other officer," the lien of an attachment which is first placed in the sheriff's hands is superior to that of one subsequently delivered to him, though the latter was levied first.

Appeal from Lafayette Circuit Court.

CHARLES E. MITCHEL, Judge.

The Adler-Goldman Commission Co. obtained judgment sustaining an attachment against one Hoffman. H. T. Simon, Gregory & Co. intervened, claiming a prior lien on the proceeds of certain property sold under the attachment. Their claim was disallowed, and they have appealed.

*L. A. Byrne* for appellants.

The lien of an attaching creditor is not complete until the levy of the writ upon the property; as between creditors, the one whose writ is first levied first com-

pletes his lien and has prior right to the property. Mansf. Dig. sec. 325 ; 48 Ark. 304; 29 *id.* 80 ; 34 *id.* 399.

*U. M. & G. B. Rose* for appellees.

1. An attachment is but a preliminary execution (23 Ark. 287), and is a lien from the time of delivery of the order to the sheriff. Mansf. Dig. sec. 325 ; 39 Ark. 97.

2. The lien, once established, can only be lost through some fault of the plaintiff. Freem. on Ex. secs. 196, 207.

HUGHES, J. The sheriff of Lafayette county had in his hands a writ of attachment of date November 19, 1888, in favor of the appellee which was levied on property of one Hoffman, the defendant in the suit. He also had in his hands two separate writs of attachment in favor of the appellants, of date the 20th of November, 1888, all of which writs came to his hands on the days of their date. The appellants discovered that Hoffman owned a piece of land, which had not been levied upon by the appellee, and had their attachments levied upon it on the 20th, the day it was issued. On the 24th of the same month, the appellee, having had its writ levied upon other property not sufficient to satisfy its debt, the writ still being in the hands of the officer, had it levied also upon a piece of land, upon which the appellant's attachment had been levied on the 20th. The property was sold under the attachment in favor of the appellee. The appellants filed their petition in the circuit court and asked that the proceeds of the sale of property be paid to them. A demurrer was sustained to their petition, from which judgment they have appealed. "An order of attachment binds the defendant's property in the county, which might be seized under an execution against him, from the time of the delivery of the order to the sheriff or other officer." Mansf. Dig. sec. 325; *Bergman* v. *Sells*, 39 Ark. 97.

Affirmed.