BURNHAM v. HOME INSURANCE CO.

1. GARNISHMENT—INTERPLEADER—BURDEN OF PROOF.
   Where one interpleaded in garnishment claims under an assignment alleged to be prior in point of time to the institution of the proceedings, the burden of proving such priority rests with him.

2. SAME—ABATEMENT—INSURANCE.
   Garnishment proceedings against an insurance company will abate upon plaintiff's assigning his claim to a third person, and defendant's paying the insurance to the assignee.

3. TRIAL—LEADING QUESTIONS.
   The allowance of leading questions is a matter within the discretion of the trial court.

Error to Charlevoix; Corbett, J. Submitted February 7, 1899. Decided March 23, 1899.

Garnishment proceedings by James K. Burnham, Frederick C. Stoepel, and others, copartners as Burnham, Stoepel & Co., against the Home Insurance Company, as

garnishee of Neil Gallagher. William J. Quan was interpleaded as a claimant under an alleged prior assignment. From a judgment for plaintiffs, claimant and the garnishee bring error. Affirmed.

*Remy & Mann* and *Dart & Dart*, for appellants.

*Pratt & Davis* ( *Geer & Williams* and *J. H. Cole*, of counsel ), for appellees.

MONTGOMERY, J. This is error brought to review a trial between the plaintiffs and William J. Quan, interpleaded in a garnishment proceeding. The verdict of the jury was in favor of the plaintiffs, and the claimant, William J. Quan, brings the case here for review.

The proceeding under which Quan was made a party was taken under section 8085, 3 How. Stat., as amended by Act No. 178, Pub. Acts 1895.

The principal defendant, Gallagher, held a policy of insurance in the Home Insurance Company, and also one in the North British & Mercantile Insurance Company. A portion of the property covered was burned in the spring of 1895, and the loss under the policy in the Home Company was adjusted on the 15th of May, 1895. The garnishment proceeding was instituted on the 16th of May, and service of the writ made on the 18th. The claimant, Quan, asserted that an assignment of the policy was made to him by Neil Gallagher on the 10th of May, 1895. The principal issue tried at the circuit was whether such an assignment was made at the time stated, or at any time prior to the service of the writ in this case.

The testimony on this subject was that of Mr. Quan himself, one Burns (Mr. Quan's credit man), Neil Gallagher, and one Robert McNeil. It is claimed by counsel for the claimant that this testimony, taken as a whole, established the fact of the assignment antedating service, and that the circuit judge should not have left the question to the jury; and this presents the principal question in the case. As before stated, the answer of Quan asserts

an assignment on the 10th of May. Neil Gallagher was made a witness by plaintiffs, and did testify that an assignment was written on both policies on May 10th, and that the policies were then placed in an envelope addressed to Mr. Quan, at Chicago, and placed in the postoffice at St. James; that on the 14th he took the package from the postoffice, and retained them in his possession until the 15th of May, when he sent them by Robert McNeil to Charlevoix, to be mailed. The first chapter of this story is inherently improbable, and is rendered much less credible by the reason assigned by the witness for making the assignments and mailing them on the 10th, which was that the witness desired to hurry up the adjusters, and by the further fact (which it was quite within the province of the jury to find) that between the 10th and 14th the mail had been taken from St. James, so that, if this letter had been deposited in the mail as Gallagher testified, it would have been beyond his control before the 14th. Burns testified that the policies came to them a few days after the date of the assignment,—maybe a week after, five days, or something like that. On cross-examination, in answer to the question whether he could state, from his recollection, when the policies were received, he stated that he could not state the exact date, but that his recollection was that it was five or six days after. The witness, however, testified that he notified the insurance companies of the assignment the day he received the policies; that he also knew that the companies were notified by Mr. Quan's attorneys, Remy & Mann, a second time; "and that this notice was very shortly after my own,—within a few days." Yet it appears that this notice by Mr. Quan's attorneys was dated June 7th. Mr. Quan's recollection was very uncertain as to the time of the receipt. · Mr. Gallagher testified that the letter containing the policies was handed to Mr. McNeil to mail on the 15th. McNeil testified that Gallagher wrote a letter in his presence, but does not identify the letter in question, and does not testify positively that the policies were mailed by him.

1. Does this testimony conclusively show that the policies were delivered to Quan, or mailed beyond recall, before the 18th? In view of the fact that many circumstances were shown which bore upon the credibility of the witnesses and the accuracy of their recollection, we think the question was one for the jury, and that if, as contended by the plaintiffs, the burden of proof rested upon the claimant, the verdict should not, on this ground, be disturbed. Under similar statutes in other States, it has been generally held that, when the intervener claims an assignment of a claim prior in point of time to the institution of garnishment proceedings, the burden of proving priority rests with him; and this, we think, is a reasonable application of the rule that the burden of proof should rest with the party who is presumed to be in possession of the facts. See 2 Shinn, Attachm. § 676; *Smith* v. *Barclay*, 54 Minn. 47; *Bergman* v. *Sells*, 39 Ark. 97.

2. It appears by a stipulation between the parties that three suits in garnishment, antedating that of plaintiffs, had been commenced against the insurance company by creditors of Gallagher. It was sought to prove that these cases were no longer pending, by testimony which it is claimed by the claimant was incompetent, and was admitted over his objection. We do not find it necessary to pass on this ruling, for the reason that we think the circuit judge was right in holding that, in any case, the claimant was not in a position to prosecute these suits further. It was shown that the creditors instituting these suits had assigned the causes of action to Quan, and it was also shown that the insurance company had paid over to Quan the amount of the insurance. It is doubtless true, as contended, that the assignment would give the right to the assignee to prosecute the garnishment proceedings to judgment, if the parties continued in a relation to each other entitling the assignee to follow the fund in that proceeding; but it clearly appears that no recovery could have been had in that proceeding, for the money which the creditors were pursuing had already been paid to the assignee of these creditors, Mr. Quan.

3. Error is assigned upon rulings of the circuit judge allowing leading questions to the witness Gallagher. The rulings were within the discretion of the court, and that discretion was wisely exercised.

The judgment is affirmed.

The other Justices concurred.