JACKSON v. PEOPLE'S SAVINGS BANK.

GARNISHMENT—INTERPLEADED CLAIMANT—BURDEN OF PROOF.
One interpleaded in garnishment proceedings under 3 Comp. Laws 1897, § 10627, as claimant of the fund, has the burden of sustaining his title.

Error to Wayne; Frazer, J. Submitted June 22, 1899. Decided July 11, 1899.

Garnishment proceedings by Archie H. Jackson and Joseph F. Jacobs against the People's Savings Bank, as

garnishee of Herman Marx. Adolph Marx and Herman Marx, copartners as Marx Bros., were interpleaded as claimants. From a judgment for plaintiffs on verdict directed by the court, the garnishee and the claimants bring error. Affirmed.

*Keena & Lightner*, for appellant bank.

*Sloman & Groesbeck*, for appellants Marx Bros.

*Brennan, Donnelly & Van De Mark* (*Selling & Hatch*, of counsel), for appellees.

MONTGOMERY, J. Plaintiffs sought to recover a sum deposited with defendant bank as garnishee of Herman Marx. The disclosure showed a deposit in the name of Marx Bros. Adolph and Herman Marx were cited in, under section 10627, 3 Comp. Laws 1897, to maintain their title to the fund. The sole question we need discuss is whether, under this statute, the burden of proof rests with the claimant in a case of this nature. The statute provides that, upon service being made, such claimant shall be deemed a defendant to the garnishee action, and within 20 days shall answer, setting forth his claim, or any defense which the garnishee might have made. The statute further provides that, in case of default, judgment shall be rendered, which shall conclude any claim on the part of such defendant, and also that the court may direct an issue. The circuit judge was of the opinion that, on an issue thus made up, the claimant has the burden of sustaining his claim. We think this was correct. *Burnham* v. *Insurance Co.*, 119 Mich. 588; *Smith* v. *Barclay*, 54 Minn. 47; *Teichman Commission Co.* v. *American Bank*, 27 Mo. App. 676; 9 Enc. Pl. & Prac. 840. The claimants failed to support their claim to the fund, and the court properly directed a verdict.

Judgment affirmed.

The other Justices concurred.