GOOD *v*. STATE LINE OIL & GAS COMPANY.

Opinion delivered May 31, 1920.

1. GARNISHMENT—PRIORITY OF LIEN.—As between the general creditors of a particular debtor, the creditor obtaining and first serving a writ of garnishment upon a third person owing the debtor will acquire a prior and paramount lien thereon to the extent of his claim.

2. GARNISHMENT—FINDING AS TO TRUST FUND.—In a garnishment proceeding where other general creditors intervened, a finding of the chancellor that the funds garnished were trust funds belonging to all the other creditors was not supported by an agreed statement of facts to the effect that the creditors set out therein are due the amounts set opposite their repective names, and that no creditor is in a position to identify the funds garnished.

Appeal from Craighead Chancery Court, Western District; *Archer Wheatley*, Chancellor; reversed.

The appellants, *pro sese*.

The court erred in decreeing to interveners participation in the funds before appellant's lien thereon by reason of the garnishment had been discharged. Under the agreed statement of facts appellants (plaintiffs below) were creditors of P. C. Ford and entitled to full payment of their respective debts before interveners could participate, because the garnishment was served long prior to the time of the intervention. Kirby's Digest, § 360; 56 Ark. 275; 39 *Id*. 97; 60 *Id*. 394; 68 *Id*. 275.

*E. L. Westbrook*, for appellees.

1. No proper abstract for appellants has been made and filed and the decree should be affirmed under rule 9. 110 Ark. 7; 120 *Id*. 499; 105 *Id*. 23, 63.

2. Appellants have raised no question that requires answer. Justice has been done in a court of equity and there is no error.

HUMPHREYS, J. Appellnats instituted suit in the Craighead Chancery Court, Western District, against appellees, State Line Oil & Gas Company, P. C. Ford, manager, and P. C. Ford, to recover amounts set opposite their respective names, as creditors of P. C. Ford. Said appellees being nonresidents, a writ of garnishment was issued and duly served against the Bank of Jonesboro to impound money deposited in said bank by the said P. C. Ford. A warning order was issued against the appellees aforesaid in the manner, form and for the time prescribed by law.

Subsequently, interventions were filed by appellees H. J. Spencer *et al.,* claiming amounts set opposite their respective names, as creditors of the said P. C. Ford, under the same conditions as amounts due appellants by the said P. C. Ford, and praying that they be permitted to share in the funds deposited to the credit of P. C. Ford in the Bank of Jonesboro and theretofore garnished by appellants.

Thereupon, appellants filed a motion to strike said interventions from the files, alleging priority as creditors of the said P. C. Ford, by reason of the writ of garnishment they had caused to be issued and served upon the Bank of Jonesboro, impounding funds deposited therein by the said P. C. Ford, and alleging further that the interveners had no equitable rights in the fund.

The cause was submitted to the court upon an agreed statement of facts embodying the substance of the pleadings and evidence, from which the court found that $1,888.81 was on deposit in the Bank of Jonesboro in the name of P. C. Ford, but that neither P. C. Ford nor the State Line Oil & Gas Company had any ownership therein, but were trust funds belonging to appellants and interveners in proportion to their respective claims. In accordance with the findings, the court decreed that the Bank of Jonesboro should pay to the clerk of the court, who had theretofore been appointed receiver on the application of the interveners, the trust fund aforesaid, and that the receiver, Ben Eddins, should apportion said

amount between all claimants who had filed their claims prior to the 15th day of October, 1918, pursuant to an order theretofore made, in proportion to their respective claims, as designated by the amounts set opposite the name of each.

From the findings and decree of the chancery court, an appeal has been duly prosecuted to this court.

Appellants insist that the court erred in decreeing interveners' participation in the funds before appellants' lien thereon, by reason of the garnishment, had been discharged. "The lien of garnishment dates from the time the garnishment writ is served upon the garnishee." *Bergman* v. *Sells & Co.*, 39 Ark. 97. "Service of process on a garnishee creates a lien in favor of the plaintiff on the money due from the garnishee to the defendant, and upon constructive service the court may ascertain the amount due from the garnishee to the defendant and subject such money to the satisfaction of the plaintiff's claim." *St. L. S. W. Ry. Co.* v. *Vanderberg,* 91 Ark. 252. It follows therefore that, as between general creditors and a particular debtor, the one obtaining and first serving a writ of garnishment upon a third party owing the debtor will acquire a prior and paramount lien thereon to the extent of his claim. Interveners' contention, however, is that the garnished fund was a trust fund held for the benefit equally of appellants and interveners, and that appellants could not acquire a paramount lien thereon by virtue of garnishment proceedings. Interveners' contention would be correct if the facts in the case supported the finding and decree of the chancellor. The agreed statement of facts in this particular is as follows: "It is agreed that the creditors set out herein are due the amounts set opposite their respective names as individuals, and that the said P. C. Ford is due the parties set out herein the sums set opposite their names; that no creditor is in a position to identify the funds garnished; that the sum of $1,888.81 is deposited in the Bank of Jonesboro to the credit of P. C. Ford and the Bank of Jonesboro is indebted to the said P. C. Ford in

the sum of $1,888.81.'' The agreed statement of facts does not support the finding and decree of the court, nor the contention of interveners that the garnished fund was a trust fund in which all of the creditors were equally interested in proportion to their respective claims. The court, therefore, erred in ordering the receiver, Ben Eddins, to distribute the fund equally between all creditors who filed their claims prior to October 15, 1918, in proportion to the amount claimed by each. The order should have been to pay appellants' claims in full with any balance over to the interveners equally, in proportion to their respective claims.

The decree is therefore reversed and the cause remanded with instructions to enter a decree distributing the fund in accordance with this opinion.