CREEDON *v.* LUNDY.

1. GARNISHMENT—OWNERSHIP OF PROPERTY—QUESTION FOR JURY.
   In garnishment proceedings, the question as to whether one who intervened under 3 Comp. Laws 1915, § 13149, or the principal defendant, was the owner of the garnished property, *held*, under the evidence, properly submitted to the jury.

2. SAME—BURDEN OF PROOF—FRAUD OF CREDITORS.
   Intervener, claiming ownership of garnished property, has the burden of proving his claim, notwithstanding plaintiff's contention that said claim is in fraud of creditors (Comp. Laws Supp. 1922, § 12897).

3. SAME—TRIAL—INSTRUCTION—BURDEN OF PROOF—USE OF WORD "SATISFACTION."
   An instruction by the trial judge that intervener, claiming ownership of garnished property, upon whom rested the burden of proof, "must show these facts to your satisfaction," *held*, not open to the objection that the use of the word "satisfaction" imposed upon him a burden greater than the ordinary burden of proof.

Error to Wayne; Richter (Theodore J.), J. Submitted January 20, 1927. (Docket No. 141.) Decided April 1, 1927.

Garnishment proceedings by Nora Creedon against Lafayette P. Lundy and another, principals, and Albert Bauer and another, garnishee defendants. Arland E. Lundy was permitted to intervene as claimant. Judgment for plaintiff. Defendant intervener brings error. Affirmed.

*Ben O. Shepherd,* for appellant.

*Joseph E. Pack* and *Louis C. Miriam,* for appellee.

[1]Garnishment, 28 C. J. § 614; [2]Id., 28 C. J. § 609; [3]Id., 28 C. J. § 615; Trial, 38 Cyc. p. 1753.

FELLOWS, J.    Plaintiff recovered judgment in the circuit court for the county of Wayne on August 9, 1917, against Lafayette P. Lundy and Olive Lundy, who were husband and wife.    Executions were issued on several occasions but were returned unsatisfied. On July 26, 1924, affidavit for garnishment was filed and Albert Bauer and Hattie Bauer were properly brought in as garnishee defendants.    They disclosed that on May 15, 1924, they purchased from defendant Olive Lundy (the record disclosing that Lafayette P. Lundy was then deceased) the furniture and chattels of a rooming house located at 269 E. High street, Detroit, for the sum of $5,000; that they paid her in cash $2,000 and gave her 24 title-retaining notes for $125 each, payable monthly, with interest.    They also disclosed that Arland E. Lundy claimed ownership of the notes.    He filed a petition for leave to intervene under the statute (3 Comp. Laws 1915, § 13149) which was granted, and the issue between him and plaintiff was submitted to the jury, resulting in a verdict and judgment for plaintiff.

Appellant insists that a verdict in his favor should have been directed.    We are not persuaded that the testimony, together with the legitimate inferences to be drawn from the established facts, were such as to make the issue one of law purely.    We shall not attempt a detail of all the facts, but will note some of them.    When the judgment was rendered against Mr. and Mrs. Lundy, there was being conducted a rooming house at 566 East Jefferson avenue by some of the Lundy family.    Appellant claims that his sister owned and ran it, and shortly after the judgment was rendered she executed to him a bill of sale of the same, which he filed in the office of the city clerk. The consideration named was "one dollar and other valuable consideration."    He claims she was then owing him $800, which was the consideration.    She

then left home with her husband and remained away until his death. The testimony is quite persuasive that the rooming houses both on Jefferson and East High were run by Mrs. Lundy, at times assisted by her daughter. Mr. Lundy seems to have been ailing for some time before his death. When it was moved to East High the lease was taken in Mrs. Lundy's name and she paid the rent. So far as the record discloses appellant took no part in the management and received no income from either place. When the sale was made, Mrs. Lundy claimed to own it, and executed the contract with Mr. and Mrs. Bauer. She did not turn over to her son any of the $2,000 paid by them in cash, but used some of it to purchase other property. At one point in her testimony she says she paid $1,500 on a place on Second boulevard, but at another point she said the Second boulevard property was her daughter's. Appellant admits he had no portion of the income, took no part in the management of the business, and says his mother was authorized to sell it in her own name. The jury might properly infer that all members of the Lundy family treated the rooming house property as the property of the mother for all purposes except the payment of her debts. It was not error to submit the case to the jury.

Appellant assigns error on the refusal to give certain requests and upon the charge as given. These assignments of error raise the question of whether the burden of proof rested upon him. He points out that it was insisted by plaintiff that his claim to the property was in fraud of creditors and invokes the well-known rule that fraud is never presumed but must be proven. But this is a statutory proceeding and this question has been settled against his contention by former decisions of this court. *Crampton* v. *Crampton*, 205 Mich. 233, was very like the case

now before us. One Wolf claimed to be the assignee and owner of the contract. His testimony was all there was in the case. The trial judge did not believe it, and concluded he was holding the contract to defraud plaintiff in attempting to collect her due from the garnishee defendant. Upon this particular question it was there said by Mr. Justice STONE, speaking for the court:

"The first question argued by appellant is that the court erred in permitting the interpleaded defendant to be interrogated upon the subject of fraud or bad faith in his transactions with the principal defendant, claiming that it was an affirmative defense and that notice should have been given thereof, under Circuit Court Rule No. 23. We cannot agree with appellant's counsel in this claim. Not only by stipulation, but under correct practice, the interpleaded defendant had the affirmative of the issue, and the rule referred to is wholly inapplicable in such a proceeding."

This was in consonance with the legislative policy where transfers of real estate are involved (Comp. Laws Supp. 1922, § 12897), and the former holding of this court (*Jackson* v. *Savings Bank*, 120 Mich. 702; *Burnham* v. *Insurance Co.*, 119 Mich. 588). In the last-cited case, it was said by Mr. Justice MONTGOMERY, speaking for the court:

"In view of the fact that many circumstances were shown which bore upon the credibility of the witnesses and the accuracy of their recollection, we think the question was one for the jury, and that if, as contended by the plaintiffs, the burden of proof rested upon the claimant, the verdict should not, on this ground, be disturbed. Under similar statutes in other States, it has been generally held that, when the intervener claims an assignment of a claim prior in point of time to the institution of garnishment proceedings, the burden of proving priority rests with him; and this, we think, is a reasonable application of the rule that the burden of proof should rest with the party who is presumed to be in possession of the facts."

238—Mich.—9.

Error is also assigned on the instruction by the court that appellant "must show these facts to your satisfaction," and it is urged that the use of the word "satisfaction" placed a burden on appellant greater than the ordinary burden of proof. This does not follow. Indeed this court used the same word in *Green* v. *Railway*, 210 Mich. 119, where, speaking of the duty resting on the plaintiff, it was said:

"It was nevertheless incumbent upon her to establish her case to the satisfaction of the jury."

The case was fairly tried, the charge fully protected appellant's rights. We find no occasion to disturb the judgment.

It will be affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.