H. A. HOXIE & CO. *v.* ASHTON.

1. JUDGMENT — RES ADJUDICATA — WHERE OPPORTUNITY GIVEN TO LITIGATE ISSUE DOCTRINE APPLIES.

Where, in an action against a subcontractor in behalf of part of his creditors, the contractor was made garnishee defendant, and the rest of the creditors were brought in under 3 Comp. Laws 1915, § 13149, and given an opportunity to prove their lienable claims but failed to do so, and the money owing by the contractor to the subcontractor was paid into court and prorated among the creditors bringing the action, the rest are barred, under the doctrine of *res adjudicata*, from thereafter bringing an action against the contractor and its surety on the theory that they are liable under 3 Comp. Laws 1915, § 14827 *et seq.*

2. SAME—BASIS OF DOCTRINE OF RES ADJUDICATA.

The foundation principle upon which the doctrine of *res adjudicata* rests is that parties ought not to be permitted to litigate the same issue more than once.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 18, 1928. (Docket No. 89.) Decided April 3, 1928.

Bill by H. A. Hoxie & Company and another against Frank W. Ashton, individually and as assignee, the Indemnity Insurance Company of North America, and others to enjoin an action at law. From a decree for plaintiffs, defendant Ashton appeals. Affirmed.

*Linsey, Shivel & Phelps,* for plaintiffs.

*Jackson, Fitzgerald & Dalm,* for appellant.

*Frederick J. Ward* and *Jackson, Fitzgerald & Dalm,* for defendant Indemnity Insurance Co.

FELLOWS, J.     Plaintiff H. A. Hoxie & Company is

[1]Judgments, 34 C. J. §§ 1228, 1236; [2]Id., 34 C. J. § 1154.

a corporation engaged in highway construction. In the summer of 1924 it entered into a contract for the construction of a portion of the highway called M 13 between Kalamazoo and Plainwell. Plaintiff Rooks was the surety on its bond given pursuant to 3 Comp. Laws 1915, § 14827 *et seq.* It sublet to defendant Shinville the rough or flat grading. Defendant Indemnity Insurance Company of North America was the surety on his bond. Shinville completed his contract in the late fall or early winter of 1925. Plaintiff had withheld 10 per cent. of the contract price, amounting to $3,518.13. Shinville was indebted to some 15 different persons in the sum of about $7,000 for various services and commodities furnished him in connection with such contract and some or all of which they claim constituted "material and labor" within the meaning of the statute cited and for which they claim Hoxie & Company and its bondsmen are liable to them, and which claims are styled "lienable claims" throughout the records and briefs. Defendant Ashton was one of such creditors of Shinville. Five others of such creditors assigned their claims to him, the aggregate of the six claims being the sum of $5,375.09, and he brought suit against Shinville in the Kalamazoo circuit and made Hoxie & Company garnishee defendant. It filed its disclosure showing its indebtedness on the contract in the sum of $3,518.13, that it had retained that sum to protect claims for material and labor, set out the names of the 15 parties who claimed liability as above stated, and the amount of each claim, but stated that it did not know which of such claims, if any, were for material and labor. The usual order was issued and all such creditors were brought in, and all appeared and were represented by counsel. Judge Gilbert of the 13th circuit heard the matter. Upon the hearing counsel for Hoxie & Company requested that an issue be framed to determine

what claims were "lienable," what were for material and labor. This request was refused, although the creditors were given opportunity by the court to make proof on the subject as was Hoxie & Company. Counsel for the company explained to the court that the company did not have information on the subject sufficient to make the proof, that such information was in the possession of the creditors, and, therefore, it was unable to offer any proof on the subject. The creditors declined to furnish such proof or to swear any witnesses, and the court after due consideration directed Hoxie & Company to pay the sum of $3,518.13 into court for the use and benefit of Ashton, the plaintiff in the original suit. This was done and the amount so recovered was apportioned among himself and his five assigns. None of the parties appealed from Judge Gilbert's disposition of the matter.

Later the creditors, who had not already done so, assigned their claims to Ashton and he instituted suit against Hoxie & Company and its surety claiming they were liable to him and his assignors for material and labor furnished on the job under the provisions of the statute above cited. Thereupon this bill was filed, bringing the interested parties including the surety company before the court. Plaintiff Hoxie & Company claims that it and its surety are not liable under the facts and law, but if they are then Shinville and his surety are liable to it for such amount as it may be called upon to respond for. No question as to the propriety of the instant proceedings is raised. The trial judge reached the conclusion that plaintiffs were not liable, his main ground of decision being based on the doctrine of *res adjudicata*, and restrained the further prosecution of the action at law. Defendant Ashton appeals for himself and his assignors.

Much space in the briefs is taken in the discussion of the question as to which items in the accounts of

the numerous creditors are "lienable," are for labor and material. As we view the case, it will not be necessary for us to decide the question in detail, as we are satisfied that the total "lienable" items fall far below the sum of $3,518.13, the amount involved in the garnishment proceedings. If that proceeding settled the rights of the parties then and now before the court, no other question need be considered.

If Hoxie & Company is now liable on its bond and under the statute above cited to some or all of the 15 creditors of Shinville for material and labor which went into the job, then said company was so liable to them when the hearing of the garnishment proceeding was had before Judge Gilbert. If Hoxie & Company was then liable to such creditors, it did not owe Shinville the full sum of $3,518.13; it owed him that sum less the amount it owed the creditors, if it owed them anything, and all of such creditors were before the court, and represented by counsel. The statute under which they had been brought in (3 Comp. Laws 1915, § 13149) provided a proceeding to determine to whom the garnishee was indebted, who was entitled to the funds in its hands. In such proceeding the burden did not rest on the garnishee defendant; it rested on the claimants brought in under the provision of this section. *Jackson* v. *Savings Bank,* 120 Mich. 702; *Crampton* v. *Crampton,* 205 Mich. 233; *Creedon* v. *Lundy,* 238 Mich. 126. They declined to put in any proof although the court having refused to frame an issue nevertheless offered them an opportunity to make their proof. In the absence of any proof that any of the creditors had any claim on the funds in the hands of Hoxie & Company, or that the company owed them or any of them any sum, Judge Gilbert did the only thing he was justified in doing, *i. e.,* directed the entry of judgment against the garnishee defendant in favor of the plaintiff in the

original suit for the full amount of the balance unpaid on the contract. This was a judgment on the merits, in a court having jurisdiction of both the subject-matter and the parties, in a proceeding designed by the statute to settle such questions, and every reason for the application of the doctrine of *res adjudicata* is present. These creditors had the opportunity to put in their proof, and the fact that they did not embrace it is of no consequence in applying the doctrine. In 15 R. C. L. p. 953, it is said:

"The foundation principle upon which the doctrine of *res adjudicata* rests is that parties ought not to be permitted to litigate the same issue more than once; that, when a right or fact has been judicially tried and determined by a court of competent jurisdiction, or an opportunity for such trial has been given, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties, and those in privity with them in law or estate."

The decree will be affirmed, with costs of this court.

North, Wiest, Clark, McDonald, and Sharpe, JJ., concurred.

The late Chief Justice Flannigan did not sit.

The late Justice Bird took no part in this decision.