MURPHY *v.* MICHIGAN TRUST CO.

1. HUSBAND AND WIFE—TENANTS BY ENTIRETIES—JOINT TENANCY
MAY BE CREATED.

While the incident of unity of person, as husband and
wife, is the only addition to a joint tenancy necessary to
create a tenancy by entireties, even where the unity of
person exists a joint tenancy may be created.

2. SAME—MONEY PAYABLE TO HUSBAND OR WIFE HELD AS JOINT
TENANTS—SEVERABILITY.

Where money was deposited in a bank by husband and
wife payable to either or the survivor, they held as joint
tenants, and the interest of the husband was severable for
the purpose of meeting the demands of his creditors.

3. SAME—PRESUMPTION PREVAILS THAT JOINT TENANTS ARE EQUAL
OWNERS.

In the absence of proof establishing the contributions of
husband and wife toward the joint deposit, the presump-
tion prevails that they were equal contributors thereto,
and therefore equal owners.

4. SAME—JOINT CLAIM ALLOWABLE—HUSBAND'S AND WIFE'S IN-
TERESTS SEPARABLE.

Where the husband was a partner in an insolvent bank,
the claim of himself and wife as joint tenants of a fund
on deposit should be allowed by the assignee, and payment
to the husband withheld until his contingent liability to
contribute as a partner is determined, but the wife's
rights to one-half should run along with the rights of
creditors other than partners.

Error to Kent; Perkins (Willis B.), J.   Submitted
October 13, 1922.   (Docket No. 97.)   Decided De-
cember 5, 1922.

Proceedings by James E. Murphy and another
against the Michigan Trust Company, assignee of the
Farmers & Merchants Bank, to determine the rights of

On effect of deposit of funds belonging to the depositor in a
bank account in the name of himself and another, see note in
L. R. A. 1917C, 550.

plaintiffs to deposits in said bank. Judgment for defendant. Plaintiffs bring error. Reversed and remanded.

*J. T. & T. F. McAllister,* for appellants

*Knappen, Uhl & Bryant,* for appellee.

WIEST, J. The Farmers & Merchants Bank was a partnership conducting a private banking business in the city of Grand Rapids. In March, 1921, it made an assignment for the benefit of its creditors to the Michigan Trust Company. The assignee accepted the trust, qualified and is now acting.

Plaintiffs are husband and wife, and deposited money in the bank in their joint names and had such savings designated in their deposit book as payable to James E. Murphy and Gertrude Murphy, either or the survivor. At the time the bank closed its doors they had $726.62 in such deposit. They also deposited in their joint names $1,000, and received a certificate of deposit, payable to either or the survivor. They presented a claim, as creditors, to the amount of such deposits, and the assignee gave notice of contest on the ground that Mr. Murphy was a member of the copartnership.

The contest was entered on the law side of the court in accordance with the provisions of the statute (3 Comp. Laws 1915, § 13610), and the testimony of Mr. Murphy was taken. His testimony disclosed that the deposits represented money derived by plaintiffs from their separate affairs, but did not point out the amount deposited by each. The testimony established, however, the fact that the major part of the deposits represented the individual means of Mrs. Murphy.

The court found that Mr. Murphy was a partner in the Farmers & Merchants Bank; that plaintiffs were joint tenants of the sums on deposit; that the

interest of Mr. Murphy in the joint deposits is sub-
ject to the claim of creditors by reason of the fact
that he was a partner in the bank, and should not be
allowed as a claim against the bank until creditors,
other than partners, have been paid in full; that the
burden of proving what proportion of said deposits
belonged to each of the plaintiffs rested upon them
and had not been sustained, and determined that the
claim should not be allowed at the time of hearing.
Plaintiffs duly excepted to the findings of fact and con-
clusions of law, proposed amendments, and, upon
denial of the same, sued out a writ of error

Plaintiffs, as depositors, are certainly creditors, and
the only question in the case is whether the contingent
liability of Mr. Murphy to respond to creditors as a
partner in the defunct bank defeats the allowance of
their joint claim. The judgment of the trial court
has cut the plaintiffs off from all participation in the
assets, even if the same prove sufficient to pay all
creditors without calling upon the partners. Such a
result ought not to be permitted unless the law allows
no other.

The assignee rested the contest upon the point that
Mr. Murphy's relation as a partner in the bank pre-
vented plaintiffs from any and all participation in
the distribution of the assets of the bank. Plaintiffs
insist that they held the deposit not only as joint
tenants, but, because of their unity as husband and
wife, as tenants by entireties. It is true that such in-
cident of unity of person is the only addition to a joint
tenancy necessary to create a tenancy by entireties.
But even where the unity of person exists a joint
tenancy may be created. Under the terms of the de-
posits were plaintiffs each seized of an undivided
moiety of the whole or by entireties? The words
"payable to either" do not square with the idea of a
tenancy by entireties but do pointedly relate to a joint

tenancy. If plaintiffs held the deposits as tenants by entireties the same could not be paid to either during the lifetime of both, but if they held as joint tenants the deposits were "payable to either."

The statute, 2 Comp. Laws 1915, § 8040, provides:

"When a deposit shall be made in any bank or trust company by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them." * * *

We must hold the deposits constituted plaintiffs joint tenants. As joint tenants the ownership of Mr. Murphy is severable for the purpose of meeting the demands of creditors.

In the absence of proof establishing their contributions toward the deposits the presumption prevails that plaintiffs were equal contributors thereto and, therefore, equal owners. If the assignee did not want to accept such presumption the way was open to introduce testimony on the subject. We do not, however, have to rest the matter upon such presumption, as all the testimony in the case was to the effect that the principal contributor to the deposits was Mrs. Murphy. We can conceive of no reason why this joint claim for deposits made in the bank should not be allowed, and payment, if any, to Mr. Murphy withheld by order of the court until his contingent liability to contribute as a partner is determined. The joint claim should have been allowed and the right of Mrs. Murphy therein determined as one-half thereof. Mrs. Murphy's rights to one-half should run along with the rights of creditors other than partners.

Mr. Murphy's right to participation in distribution is contingent upon whether his share of the deposits may be needed to meet his liability to the creditors as a partner and should be held by the assignee until, in the process of liquidation, such question can be determined. It is immaterial whether this is worked out under the name of set-off, as in *King* v. *Armstrong*, 50 Ohio St. 222 (34 N. E. 163), or under any other name. Of course, if Mr. Murphy's liability to respond to the creditors as a partner exceeds his claim as a depositor the absorption of his claim will not operate to save him from meeting his obligation as a partner.

The judgment is reversed and the case remanded for judgment and proceedings in the circuit in accordance with this opinion, with costs of this court to plaintiffs.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MCDONALD and MOORE, JJ., did not sit.