PEOPLES LUMBER CO. *v.* STREHLKE.

1. GARNISHMENT—INTERVENTION—CONSTRUCTION OF STATUTE.
    Provision in section 14019, 3 Comp. Laws 1929, that intervention shall be in subordination to, and in recognition of, propriety of main proceeding, must be construed in connection with that in section 14884, which provides for intervention of claimant in garnishee proceedings when disclosure states that other persons make claim to funds in hands of garnishee.

2. SAME—DISCLOSURE.
    Judgment creditor of garnishee defendant was properly allowed to intervene, where it disclosed that it was not indebted to principal defendant, had no property in its hands belonging

to him, and that funds in its hands represented judgment against it in favor of intervener in action wherein it appeared that principal defendant had no interest in said fund and action was dismissed as to him.

3. SAME—UNEXPLAINED DELAY—QUASHING WRIT.

Since garnishee statute contemplates speedy proceedings, where there was unexplained delay of nearly four months, order quashing writ of garnishment was properly made.

Appeal from Wayne; Kilpatrick (Arthur W.), J. Submitted October 14, 1932. (Docket No. 102, Calendar No. 36,810.) Decided December 6, 1932.

Garnishment proceedings by Peoples Lumber Company, a Michigan corporation, against Irwin L. Strehlke and another, principal defendants, and Standard Fire Insurance Company, a foreign corporation, garnishee defendant. Marion H. Strehlke intervened as a third-party claimant to the fund. From order quashing writ of garnishment, plaintiff appeals. Affirmed.

*Samuel D. Frankel,* for plaintiff.

*Geo. W. Bixler,* for intervener.

SHARPE, J. Plaintiff began suit by filing declaration in assumpsit against the defendants Strehlke and Habermas on February 27, 1932, claiming damages in the sum of $1,000. On the same day plaintiff's attorney filed an affidavit for a writ of garnishment against the Standard Fire Insurance Company, a foreign corporation. The writ of garnishment was issued on the same day and duly served on the insurance company by serving the deputy insurance commissioner pursuant to the statute (3 Comp. Laws 1929, § 12315, as amended by Act No. 163, Pub. Acts 1931).

On April 13th the insurance company filed a disclosure, stating that it had no property or money in its hands belonging to the principal defendants, jointly or severally, and was not indebted to them in any amount. It was further stated therein that on October 14, 1926, it issued a policy of fire insurance to Irwin L. Strehlke and Marion H. Strehlke in the sum of $5,000; that the property insured was destroyed by fire; that an action was brought upon the policy and a judgment secured in favor of Marion H. Strehlke in the sum of $2,100; that it appeared on the trial that Irwin L. Strehlke had no interest in the property, and the action was dismissed as to him.

On April 20, 1932, plaintiff's attorney filed a demand for the trial of the statutory issue by a jury. On June 13th Marion H. Strehlke petitioned the court for leave to intervene in the garnishment proceedings. In it she set forth the recovery of her judgment and that she was a necessary party inasmuch as the insurance company has refused and neglected to pay the money to her. On the same day the trial court entered an order permitting such intervention. On June 18th she filed a motion to quash the writ of garnishment. She set up therein that, because of the judgment recovered by her, Irwin L. Strehlke, her husband, had no interest in the property insured; that plaintiff has not diligently prosecuted its suit, no service having been made upon the principal defendants therein, although more than three months had elapsed since its institution, and prayed for an order discharging the garnishee defendant. An order quashing the garnishment proceedings was entered, from which the plaintiff has taken this appeal.

Counsel for the plaintiff relies on the provision in 3 Comp. Laws 1929, § 14019, which reads as follows:

"In an action either at law, or in equity, anyone claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding: *Provided,* That in attachment actions any party, other than the original defendant, claiming to own any of the property attached may assert his rights by motion to release the attachment so far as it affects his property, which motion shall be heard and determined by the court under the same terms and conditions as motions in other cases."

The provision that the intervention "shall be in subordination to, and in recognition of, the propriety of the main proceeding" must be construed in connection with that in section 14884, which provides for the intervention of a claimant in garnishee proceedings when the disclosure states that other persons make claim to the funds in the hands of the garnishee. *Shank* v. *Lippman,* 249 Mich. 22. The order permitting intervention was properly made.

The declaration by which this action was begun was filed on February 27, 1932. The order quashing the garnishee proceedings was entered on June 18, 1932, nearly four months thereafter. No showing was made as to why service on the principal defendants had not been made. In *Noble* v. *Bourke,* 44 Mich. 193, in which a writ of summons and one of garnishment were issued on January 7, 1880, and the order dismissing the writ of garnishment entered on March 25, 1880, this court said:

"The court in which the proceedings are carried on must certainly be empowered to conduct an in-

quiry in cases where extraordinary delay in bringing in the principal defendant is shown, and thereupon to discharge the garnishee with lawful costs if it is made to appear that the retention of the proceeding against him is unjust and in substance and effect an abuse of the process of the court.''

In *Blake* v. *Hubbard,* 45 Mich. 1, it was said:

''The garnishee statute contemplates speedy proceedings. Its necessary operation is to tie up the hands of the garnishee and subject him to expense and annoyance. It cannot be regarded as a proceeding in the ordinary course, for it involves many consequences which could not otherwise arise either in law or in equity. If such proceedings could be delayed indefinitely it might not only injure the garnishee, but it might also affect other persons who have claims on the property in his hands.''

See, also, *Kiely* v. *Bertrand,* 67 Mich. 332; *Hiles* v. *Selas Co.,* 219 Mich. 88; Stevens' Michigan Practice, § 124.

Under the facts here presented, the order quashing the writ of garnishment was properly made, and is affirmed.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.