SUSSEX v. SNYDER.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ASSIGNMENT OF ERROR.

No consideration is given to matter of whether or not garnishee filed a disclosure to a second writ of garnishment in which it admitted liability as garnishee defendant about which the testimony was in direct conflict where plaintiff has not assigned error nor raised a question regarding it.

2. GARNISHMENT—TRIAL OF STATUTORY ISSUE—TRANSCRIPT—STATUTES.

Stenographic transcript of testimony taken by an official court reporter at personal examination of garnishee defendant which was not taken, signed, or filed in compliance with pertinent statute was properly excluded from consideration by jury as part of garnishee's disclosure upon trial of garnishee's liability (3 Comp. Laws 1929, § 14860; § 14867, as amended by Act No. 182, Pub. Acts 1937).

3. SAME—AFFIDAVIT FOR WRIT—DISCLOSURE—ANSWERS TO INTERROGATORIES.

> A plaintiff's affidavit for writ of garnishment is considered as a declaration against the garnishee defendant and matters alleged therein are considered as denied except so far as admitted by the garnishee's disclosure and answers to interrogatories, which answers are considered a part of its disclosure (3 Comp. Laws 1929, § 14860; § 14867, as amended by Act No. 182, Pub. Acts 1937).

4. SAME—INTERPLEADED CLAIMANT TO GARNISHEED FUND.

> In garnishment proceedings where garnisheed fund is claimed by an interpleaded defendant the burden is upon such party to establish title thereto.

5. SAME—THIRD PARTY CLAIMANT—TITLE—CONDITIONAL ACCEPTANCE OF CHECK ON JOINT ACCOUNT.

> Bank's acceptance of wife's check against joint account of husband and wife for payment upon dismissal of writ of garnishment served upon it by plaintiff in action in which her husband was principal defendant constituted a qualified acceptance of the check under the negotiable instruments law and where condition was not fulfilled until after a second writ had been served upon garnishee bank, wife, as interpleaded claimant to the garnisheed fund, failed to establish her title to the fund (2 Comp. Laws 1929, §§ 9388, 9390, 9438).

6. BANKS AND BANKING—JOINT ACCOUNTS—PRESUMPTION AS TO OWNERSHIP OF FUNDS—SEVERABILITY.

> In the absence of proof as to the amount contributed by husband and wife to joint bank account, it is presumed that they were equal contributors and owners of the funds in such account and such interest is severable for the purpose of meeting the demands of the husband's creditors (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

W<span style="font-variant:small-caps">IEST</span> and B<span style="font-variant:small-caps">UTZEL</span>, JJ., dissenting.

Appeal from Jackson; Simpson (John), J. Submitted June 9, 1943. (Docket No. 32, Calendar No. 42,301.) Decided October 11, 1943.

Garnishment proceedings by Charles Sussex against George E. Snyder, principal defendant, and Union City National Bank, garnishee defendant.

Elizabeth Snyder impleaded as a party defendant. Directed verdict and judgment for garnishee defendant. Plaintiff appeals. Reversed and new trial granted.

*Phillip C. Kelly,* for plaintiff.

*Owen Dudley,* for defendants Snyder.

*Ashdown & Ashdown,* for garnishee defendant.

STARR, J. On October 13, 1941, plaintiff began a law action against defendants George E. Snyder and his wife, Elizabeth Snyder, and writ of garnishment was issued against the Union City National Bank as garnishee defendant. On October 30, 1941, the bank filed disclosure, stating in substance that defendants Snyder and wife had a joint-deposit checking account in the bank,* subject to checks drawn by either of them, in which account there was on deposit the sum of $1,498.53. On January 12, 1942, an order of voluntary nonsuit was entered as to defendant Elizabeth Snyder. On January 13th plaintiff obtained a judgment, entered on jury verdict, against defendant George E. Snyder for $1,178.73.

On January 16th Elizabeth Snyder presented to the garnishee bank a check payable to herself drawn on the joint account, and demanded payment thereof. Although the record does not so state, such check was apparently for the full balance in the joint account. On January 26, 1942, the above-mentioned writ of garnishment was quashed and set aside, and the bank was released from liability as garnishee. However, prior thereto, on January 23d, plaintiff had caused another writ of garnishment to be issued against the bank, which was served January 24th. On February 17th the bank

---

* See 3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 12063, Stat. Ann. 1943 Rev. § 23.303).—REPORTER.

filed disclosure to such second writ, stating that it was not indebted to and had no goods, money or property in its possession or under its control belonging to the principal defendant George .E. Snyder. In affidavit of its cashier in answer to special interrogatories (3 Comp. Laws 1929, § 14860 [Stat. Ann. § 27.1858]), the bank stated:

"That the said Elizabeth Snyder was advised by said bank that payment could not be made on said check, until the. writ of garnishment was dismissed and the garnishee defendant released, whereupon the check was left with said Union City National Bank for collection and said check was attached to the account on the books of said bank. * * *

"That on January 27, 1942, a release and dismissal of said writ was served upon said bank, but that prior thereto, on to-wit: January 24, 1942, another writ of garnishment in the present-entitled suit of Charles Sussex, plaintiff, v. George E. Snyder, principal defendant, and the Union City National Bank, garnishee defendant, was served upon said Union City National Bank, and· that·for the reason that said second writ was served upon said bank, that said money was not released to said Elizabeth Snyder or transferred upon the books of said bank, but that said bank has considered the money in said account to belong to said Elizabeth Snyder."

On plaintiff's motion an order was entered March 13, 1942, interpleading Elizabeth Snyder as a defendant and claimant to the garnisheed fund (3 Comp. Laws 1929, § 14884 [Stat. Ann. § 27.1882]). The bank was then cited to appear for examination (3 Comp. Laws 1929, § 14860), and the testimony of its cashier was taken before the trial judge and transcribed by the official court reporter. An issue was framed for the trial of the question of the garnishee bank's liability to plaintiff (3 Comp. Laws 1929, § 14867, as amended by Act No. 182, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 14867, Stat. Ann.

1943 Cum. Supp. § 27.1865]), and jury trial was demanded.

The deputy county clerk, called as a witness by plaintiff, testified in substance that the bank had filed a disclosure to the second writ of garnishment January 28, 1942, in which it admitted liability as garnishee defendant, but that such disclosure could not be found. The bank and its attorneys expressly denied filing such disclosure, and as the plaintiff does not assign error or raise any question on this appeal regarding it, the matter does not require further consideration. As hereinbefore mentioned, the bank had been cited to appear for examination, and the testimony of its cashier had been taken before the trial judge. When called as a witness by plaintiff, the official court reporter identified a stenographic transcript of such testimony, and the same was offered in evidence. Defendants objected to admission of the transcript on the ground that it was not taken, signed or filed as required by 3 Comp. Laws 1929, § 14860, which provides in part:

"The testimony given on such personal examination shall be reduced to writing by the commissioner or judge, *signed by the garnishee, and filed with the clerk of the court,* and the same  *  *  *  shall be deemed part of the disclosure of such garnishee."

As such transcript was not taken, signed or filed in compliance with the statute, the trial judge properly sustained defendants' objection to its admission. Plaintiff's counsel then read to the jury the garnishee bank's disclosure to the first writ of garnishment, and also its disclosure to the second writ. He concluded his proofs by reading to the jury the affidavit of the cashier of the bank in answer to special interrogatories, hereinbefore quoted in part.

The principal defendant and interpleaded defendant then moved the trial court to direct a verdict

for the garnishee bank, and in granting such motion the court said:

"In my opinion, the .way the case stands now, there is nothing to go to the jury on.   *   *   *   The plaintiff has failed to show that this account belongs to Mr. Snyder.   The defendant's disclosures show that it belonged to either Mr. or Mrs. Snyder. The proof also shows that Mrs. Snyder presented this check to the bank for payment, which the bank properly could have done.   They claim they were holding it for collection, and this next garnishment comes through.   The disclosure filed denies liability.   *   *   *   There is no clear evidence here to show that this fund belonged to Mr. Snyder."

Judgment for the garnishee defendant bank was entered on such directed jury verdict, and plaintiff appeals.

The writ of garnishment issued October 13, 1941, was quashed and set aside on January 26, 1942, and the bank was released from liability as garnishee defendant.    Therefore, the rights of the parties must be determined under the second writ served January 24, 1942.   The issue for the trial of the question of the bank's liability to plaintiff was framed upon plaintiff's affidavit for the second writ, the bank's disclosure to such writ, and its answers to special interrogatories.   Under 3 Comp. Laws 1929, § 14867, as amended by Act No. 182, Pub. Acts 1937, plaintiff's affidavit for the second writ is considered as a declaration against the bank as garnishee defendant, and the matters alleged in such affidavit are "considered as denied, except so far as the same is admitted" by the bank's disclosure and answers to interrogatories, which answers are considered a part of its disclosure.   2 Searl, Michigan Pleading & Practice, p. 164, § 616.

In its disclosure the bank expressly denied liability to the principal defendant.   In its answers to

interrogatories it, in effect, denied liability to the principal defendant by asserting that the garnisheed fund belonged to the interpleaded defendant by virtue of her check presented January 16th. Plaintiff adduced no testimony controverting the bank's denial of liability to the principal defendant, nor did he present testimony showing what part of the money in the joint account, if any, had been deposited or contributed by the principal defendant.

Defendants contend that the check presented to the bank by interpleaded defendant Elizabeth Snyder on January 16, 1942, constituted an assignment to her of the money in the joint account. The burden was on her, as the interpleaded claimant, to establish her title to the garnisheed fund. *H. A. Hoxie & Co.* v. *Ashton,* 242 Mich. 234; *Creedon* v. *Lundy,* 238 Mich. 126; *Crampton* v. *Crampton,* 205 Mich. 233; 2 Searl, Michigan Pleading & Practice, p. 165, § 617.

The negotiable instruments law (2 Comp. Laws 1929, § 9248 *et seq.* [Stat. Ann. § 19.41 *et seq.*]) provides in part:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder *unless and until it accepts * * * the check.*" 2 Comp. Laws 1929, § 9438 (Stat. Ann. § 19.231).

"An acceptance is either general or qualified. A general acceptance assents without qualification to the order of the drawer. A qualified acceptance in express terms varies the effect of the bill as drawn." 2 Comp. Laws 1929, § 9388 (Stat. Ann. § 19.181).

"An acceptance is qualified, which is:

"First, conditional; that is to say, which makes payment by the acceptor dependent on the fulfill-

ment of a condition therein stated." 2 Comp. Laws 1929, § 9390 (Stat. Ann. § 19.183).

Under the above statutes the bank's acceptance of Elizabeth Snyder's check on January 16th was a conditional acceptance and did not operate as present assignment of the funds in the joint account. When she presented her check, she was advised by the bank that payment could not be made until the writ of garnishment was dismissed and the bank released. Such condition of acceptance was not fulfilled until a release and dismissal was served on the bank on January 27th.

In the meantime, on January 24th, the bank had been served with the second writ of garnishment which reached any interest defendant George Snyder had in the joint account. As stated above, the conditional acceptance of Elizabeth Snyder's check had not operated as an assignment of the funds in the joint account, and the bank was merely holding her check "for collection." By conditionally accepting such check and holding it for collection, the bank had not obligated itself to make payment. We conclude that Elizabeth Snyder, as the interpleaded claimant, failed to establish her right and title to the funds in the joint account.

Plaintiff presented no testimony showing what part of the money in the joint account, if any, had been deposited or contributed by either defendant George or Elizabeth Snyder. In *Murphy* v. *Michigan Trust Co.*, 221 Mich. 243, we said:

"Plaintiffs are husband and wife, and deposited money in the bank in their joint names and had such savings designated in their deposit book as payable to James E. Murphy and Gertrude Murphy, either or the survivor. * * *

"We must hold the deposits constituted plaintiffs joint tenants. As joint tenants the ownership of

Mr. Murphy is severable for the purpose of meeting the demands of creditors.

"In the absence of proof establishing their contributions toward the deposits the presumption prevails that plaintiffs were equal contributors thereto and, therefore, equal owners."

See, also, *Bowditch* v. *Michigan Trust Co.*, 221 Mich. 247.

In the present case, in the absence of proof as to the amount contributed by either George or Elizabeth Snyder to the joint account, it is presumed that they were equal contributors and owners of the funds in such account. Under our decision in *Murphy* v. *Michigan Trust Co.*, *supra*, the interest of the husband, George Snyder, was severable for the purpose of meeting the demands of his creditors.

We conclude the trial court erred in holding that defendant Elizabeth Snyder had established right and title to the funds in the joint account and in directing a verdict for the garnishee bank.

The judgment for the garnishee bank is reversed and a new trial granted. Plaintiff shall recover costs against defendant George Snyder and interpleaded defendant Elizabeth Snyder.

BOYLES, C. J., and CHANDLER, NORTH, and SHARPE, JJ., concurred with STARR, J. BUSHNELL, J., concurred in the result.

BUTZEL, J. (*dissenting*). I believe this case should be affirmed. I can see no occasion to invoke the principles of the negotiable instruments law, 2 Comp. Laws 1929, § 9248 *et seq.* (Stat. Ann. § 19.41 *et seq.*). While title 3 of said law makes provision for promissory notes and checks, section 186 (3 Comp. Laws 1929, § 9433 [Stat. Ann. § 19.226]) under such title refers to an unconditional promise in writing made by one person to another, and in sec-

tion 187 (3 Comp. Laws 1929, § 9434 [Stat. Ann. § 19.227]) a check is defined as a bill of exchange on a bank payable on demand. Had this check been negotiated, the provisions of the negotiable instruments law would be applicable. However, a check presented by a depositor to a bank in order to withdraw money on deposit is not affected by the provisions of the negotiable instruments law. The last two quotations from the negotiable instruments law in the foregoing opinion appearing in article 2 of that law refer to the negotiation of instruments. Section 134 (3 Comp. Laws 1929, § 9381 [Stat. Ann. § 19.174]), also in article 2 of the negotiable instruments law, provides that an acceptance must be in writing. It is neither customary nor necessary for a depositor to ask a bank to accept his check in writing. The bank is under a duty to honor the check on presentation. The relation between the bank and the depositor is that of debtor and creditor. *Detroit Piston Ring Co.* v. *Wayne County & Home Savings Bank,* 252 Mich. 163 (75 A. L. R. 1273).

It became the absolute duty of the bank to pay Mrs. Snyder's check upon presentation were it not for the fact that a writ of garnishment had been issued. The bank, however, took the check and attached it to the account on the books of the bank with the understanding that Mrs. Snyder would be entitled to the moneys represented by the check upon dismissal of the garnishment suit. While the bank stated that the check was left with it ''for collection,'' it ''considered the money in said account to belong to said Elizabeth Snyder.'' This amounted to an assignment of the funds to Mrs. Snyder subject to the garnishment being dismissed. Although the assignment of the funds to her was conditional, the condition was met. The second garnishment did not release the bank's obligation

.to pay Mrs. Snyder in accordance with its agreement. The second garnishment could not be any more effective than if Mr. Snyder had given a subsequent check on the same account. Mrs. Snyder was entitled to the money.

The judgment should be affirmed, with costs to appellee.

WIEST, J., concurred with BUTZEL, J.