## CZAJKOWSKI v. LOUNT.

1. BANKS AND BANKING—JOINT DEPOSITS—PRESUMPTIONS.

   The presumption prevails that joint bank depositors were equal contributors toward the deposits and equal owners thereof in the absence of proof establishing their contributions (CL 1948, § 487.703).

2. EVIDENCE—JUDICIAL NOTICE—OWNERSHIP OF JOINT BANK DEPOSITS.

   Judicial notice is taken that joint bank deposits are owned in equal shares, in the absence of proof or claim to the contrary (CL 1948, § 487.703).

3. GARNISHMENT—THIRD-PARTY CLAIMANT—JOINT BANK ACCOUNT—STATUTES—DISCLOSURE.

   Statute relating to third-party claimant to garnisheed fund is not applicable where garnishee bank disclosed that fund was owned by one of the principal defendants and another person jointly and plaintiffs claimed only an undivided half thereof (CL 1948, § 628.28).

4. SAME—THIRD-PARTY CLAIMANT—INTERVENTION.

   Intervention by third-party claimant in garnishment proceedings is permitted by statute before judgment (CL 1948, § 628.28).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur, Banks §§ 426–436.
[1, 2] Deposit of fund belonging to depositor in bank account in name of himself and another as creating gift, trust, or joint tenancy. 48 ALR 189; 66 ALR 881; 103 ALR 1123; 135 ALR 993; 149 ALR 879.
  As to power of one party to joint bank account to terminate the interests of the other. 161 ALR 71.
[3–7] 5 Attachment and Garnishment § 967 et seq.
[3–7] Nature and extent of right to successful intervener or interpleader in attachment. 66 ALR 908.
[4] 5 Am Jur, Attachment and Garnishment § 714.
[5] 5 Am Jur, Attachment and Garnishment § 687.
[6] 19 Am Jur, Estoppel § 34.

5. SAME—THIRD-PARTY CLAIMANT—JOINT BANK DEPOSIT.

Party claiming ownership of entire fund on deposit in bank in joint names of herself and one of the principal defendants in garnishment proceedings would have to serve on the bank notice of such claim, at least prior to the garnishee's payment of judgment against it for half of the deposit, if not before, in order to make claim to fund so as to present issue of ownership for determination by court (CL 1948, §§ 487.-703, 628.28).

6. PARTIES—INTERVENTION.

Provision of statute authorizing intervention of parties claiming an interest in the litigation "at any time" relates to time actions are pending in court (CL 1948, § 612.11).

7. GARNISHMENT—INTERVENTION OF JOINT DEPOSITOR—JOINT BANK DEPOSIT—ESTOPPEL.

Intervention of joint depositor may not be had after bank, as garnishee defendant, had paid judgment in amount of one-half of the account in the joint names of petitioner and one of the principal defendants, since petitioner is estopped to deny her implied statement that the account was owned equally by the two parties (CL 1948, §§ 487.703, 612.11, 628.-28).

8. ESTOPPEL—DEFINITION.

Estoppel is a bar which precludes a person from denying the truth of a fact which has in contemplation of law become settled by the act of the party himself, express or implied.

9. SAME—BELIEF IN EXISTENCE OF FACTS—PREJUDICE.

If one's conduct induces another to believe in the existence of certain facts, and the other acts thereon to his prejudice, the former is estopped to deny that the state of facts does in truth exist.

Appeal from Wayne; Weideman (Carl M.), J. Submitted January 15, 1952. (Docket No. 59, Calendar No. 45,162.). Decided April 7, 1952.

In garnishment proceedings by John Czajkowski and another against Herbert G. Lount and another. Blanche I. Lount petitioned to intervene. Intervention denied with prejudice. Petitioner appeals. Affirmed.

*John G. Cross,* for petitioner.

*Riseman, Lemke & Piotrowski,* for plaintiffs.

*Miller, Canfield, Paddock & Stone,* for Detroit Bank.

Reid, J.   Petitioner Blanche I. Lount on August 24, 1950, petitioned the circuit court for leave to intervene (as additional principal defendant), after judgment had been entered on August 9, 1950, against her son, Herbert G. Lount, and Leo G. Andries, as principal defendants, and the Detroit Bank, as garnishee defendant, and after the garnishee defendant had paid the judgment, August 15, 1950.

The trial court by its order filed March 28, 1951, denied the petition of Blanche I. Lount to intervene "with prejudice to the right of petitioner ever again to bring suit at law or in equity or otherwise, against either plaintiff or garnishee defendant concerning any of the matters set forth in the petition for leave to intervene."

Plaintiffs had taken judgment against principal defendants, Herbert G. Lount and Leo G. Andries, in common pleas court in the sum of $1,358.50, and later transcribed that judgment to the circuit court. On July 12, 1950, plaintiffs procured the issuance of a writ of garnishment to the Detroit Bank as garnishee of Herbert G. Lount and Leo G. Andries, and the writ of garnishment was served on the bank on the same date.   The bank filed disclosure on July 27, 1950, the material averments of which were that the bank "was not indebted to Herbert G. Lount and/or Leo G. Andries in any amount whatever, but was indebted to Herbert G. Lount or Blanche I. Lount upon a joint account payable to either or the survivor in the amount of $2,445.67."   The disclosure further stated that the garnishee "does not admit,

however, that all or any part of such indebtedness is due or owing to the said principal defendent Herbert G. Lount."

Plaintiffs moved for judgment against the bank as garnishee in the sum of $1,222.83, this amount being one-half of the amount disclosed as owing on the joint account and plaintiffs alleging as the reason for their motion the fact that "according to law the defendant Herbert G. Lount, has a one-half interest in the aforesaid bank account   *   *   *   which is subject to the claims of his creditors." The circuit court granted plaintiffs' motion on August 9, 1950, and entered judgment on the court sheet for plaintiffs against the bank as garnishee in the sum of $1,206.68, with costs to the garnishee in the sum of $16.15, or a total of $1,222.83. The court clerk sent notice of the entry of this judgment to the garnishee on August 12, 1950, and on August 15, 1950, the bank paid the full amount of the judgment to plaintiffs. On August 24, 1950, Blanche I. Lount filed a petition for leave to intervene in the cause, alleging that "she is the sole owner of the funds in said joint bank account, all of the moneys being deposited therein being her own money and no part thereof having been contributed or paid in by said Herbert G. Lount," and that "your petitioner has not been impleaded in said proceeding, pursuant to the statute in such case made and provided."

The question for our decision is whether the petition of Blanche I. Lount should be granted or denied.

As above noted, the disclosure of the bank, garnishee defendant, on July 27, 1950, was that the bank "was indebted to Herbert G. Lount or Blanche I. Lount upon a joint account payable to either or the survivor in the amount of $2,445.67." There was nothing about the bank deposit nor any statement filed with the bank concerning the nature of the

deposit to show that Blanche I. Lount was the owner of the entire deposit, which ownership she claims in her petition.

The trial court in his opinion cited and relied upon the case of *Murphy* v. *Michigan Trust Co.,* 221 Mich 243, in which case plaintiffs were husband and wife and deposited money in the bank in their joint names and had such savings designated in their deposit book as payable to James E. Murphy and Gertrude Murphy, either or the survivor. At the time the bank closed its doors, Mr. and Mrs. Murphy had $726.62 in such deposit. They had also deposited in their joint names, $1,000, and received a certificate of deposit payable to either or the survivor. The testimony further established that the major part of the deposits represented the individuals means of Mrs. Murphy. We say, on page 246:

"We must hold the deposits constituted plaintiffs joint tenants. As joint tenants the ownership of Mr. Murphy is severable for the purpose of meeting the demands of creditors.

"In the absence of proof establishing their contributions toward the deposits the presumption prevails that plaintiffs were equal contributors thereto and, therefore, equal owners. * * * The joint claim should have been allowed and the right of Mrs. Murphy therein determined as one-half thereof."

The trial court in the case at bar found in part as follows:

"The court takes judicial notice of the fact, as referred to by the garnishee, that the thousands of garnishments which have been filed in this court against joint bank accounts over past years have all been handled in the way this garnishment was handled. This custom and practice has been so general and widespread among all the banks in this jurisdiction that I think petitioner must be charged with notice of it." Citing 25 CJS, p 86.

We cannot overlook the custom of which the court thus took judicial notice.

The pertinent portion of the statute governing the deposit in this case is CL 1948, § 487.703 (Stat Ann § 23.303), which is as follows:

"When a deposit shall be made, in any bank by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof.

"When a deposit has been made, or shall hereafter be made, in any banking institution transacting business in this State, in the names of 2 or more persons, payable to either or the survivor or survivors, such deposit or any part thereof or any interest or dividend thereon and any additions thereto, made by any 1 of the said persons, shall become the property of such persons as joint tenants, and the same shall be held for the exclusive use of the persons so named and may be paid to any 1 of said persons during the lifetime of said persons or to the survivor or survivors after the death of 1 of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not

to pay such deposit in accordance with the terms thereof.

"The making of the deposit in such form shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding, to which either such banking institution or surviving depositor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors."

As we have before noted, the bank did not receive prior to making its disclosure nor prior to payment of judgment founded on the disclosure, any "notice in writing not to pay such deposit in accordance with the terms thereof."

The statute of Michigan governing the petition is CL 1948, § 612.11 (Stat Ann § 27.663), the pertinent portion of which is as follows:

"In an action either at law, or in equity, anyone claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

We do not determine whether or not the sought-for intervention in the instant case is subordinate to or in recognition of the propriety of the main proceeding.

Petitioner Blanche I. Lount relies upon CL 1948, § 628.28 (Stat Ann § 27.1882), the pertinent portion of which is as follows:

"When the answer of the garnishee shall declare that any other person than the defendant claims the indebtedness or property in his hands, or any part thereof, and the name and residence of such claimant, the court may, on motion, order that such claimant be interpleaded as a defendant to the garnishee action, and that notice thereof, setting forth the fact that a copy of such order in such form as the court

shall direct, be served upon him; and after such service shall have been made, the garnishee may pay or deliver such indebtedness or property to the clerk of the court, and have a receipt thereof, which shall be a complete discharge from all liability to any party for the amount so paid or the property so delivered. Such notice shall be served within or without this State by any competent person, and proof of the fact of such service shall be made by affidavit and filed with the clerk of the court where such garnishee proceedings are commenced. If such personal service cannot be had, then such service shall be made as the court shall direct. Upon such service being made and proof thereof being filed in the cause, such claimant shall be deemed a defendant to the garnishee action and within 20 days shall answer, setting forth his claim or any defense which the garnishee might have made. In case of default, judgment may be rendered, which shall conclude any claim on the part of such defendant."

For the purposes of the instant case, we consider that CL 1948, § 628.28 does not apply to the present proceedings because the bank's disclosure did not "declare that any other person than the defendant claims the indebtedness or property in his hands, or any part thereof," and plaintiffs sought only to hold the undivided half of Herbert G. Lount in the deposit. Further, it is apparent that intervention under CL 1948, § 628.28 is contemplated to be had, if at all, before judgment, because the "claimant" under CL 1948, § 628.28 (which would be the petitioner in the instant case) is to be treated as a defendant and directed to set forth his (or her) claim or defense, and the statute proceeds to say, "In case of default, judgment may be rendered, which shall conclude any claim on the part of such defendant," thus indicating that the permissible intervention is to take place before judgment. In any event, the 2 statutes, CL 1948, § 487.703 and CL 1948, § 628.28

must be read together and when so read, the presumption still remains under CL 1948, § 487.703 of an equal ownership of the deposit in question herein. Moreover, in order to set in operation CL 1948, § 628.28, Blanche I. Lount would have been required to serve on the bank the written notice provided for by CL 1948, § 487.703. This she did not do, consequently Blanche I. Lount made no claim to the half of the deposit and CL 1948, § 628.28 does not apply; petitioner is not accorded by reason of CL 1948, § 628.28, any ground for her petition.

Petitioner relies upon the case of *Peoples Lumber Co.* v. *Strehlke,* 260 Mich 513, which was a case where intervention was permitted before judgment. It must be very obvious that a great distinction must be observed between an intervention occurring before judgment is rendered as in the *Peoples Lumber Company Case, supra,* and another case in which intervention is sought, as in the instant case, after judgment has been rendered and has been paid.

"Provision of statute authorizing intervention of parties claiming an interest in the litigation 'at any time' relates to time actions are pending in court (CL 1929, § 14019 [CL 1948, § 612.11 (Stat Ann § 27.663)])." *Hettche* v. *Oakland Circuit Judge* (syllabus 1), 290 Mich 453.

We conclude petitioner Blanche I. Lount was without right to intervene after the judgment against the garnishee defendant had been rendered and paid. It is of interest to note the adverse disposition made by us in *Meier* v. *Blair,* 287 Mich 13, 27, on a claim of a party who sought interpleader after judgment.

We consider that the case of *Murphy* v. *Michigan Trust Co., supra,* controls the instant case. Under the reasoning in the *Murphy Case,* by her deposit, petitioner Blanche I. Lount in effect said to the bank that the bank should consider that she was the owner

of half of the deposit and her son the owner of the other half. Relying on that implied statement, the bank suffered and paid the judgment without appeal. Petitioner did not change the form and nature of her statement as to the ownership until after the judgment had not only been rendered but also had been paid. Plaintiff simply took the chance of the deposit being garnisheed by her son's creditors. Petitioner is now estopped to retract her implied statement of the ownership, and estopped to claim the entire deposit was and in law still is hers.

In *Detroit Savings Bank* v. *Loveland* (a suit at law), 168 Mich 163, we say at page 172:

"Estoppel is a bar which precludes a person from denying the truth of a fact which has in contemplation of law become settled by the act of the party himself, express or implied. If one's conduct induces another to believe in the existence of certain facts, and the other acts thereon to his prejudice, the former is estopped to deny that the state of facts does in truth exist."

See, also, *Fleckenstein* v. *Citizens' Mutual Insurance Co.* (an action in assumpsit), 326 Mich 591 (syllabus 9).

The order dismissing the petition of Blanche I. Lount is affirmed. Costs to plaintiffs and to garnishee defendant.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.