DANIELSON v LAZOSKI

Docket No. 162929. Submitted December 7, 1994, at Grand Rapids. Decided April 3, 1995, at 10:15 A.M.

Gilbert C. Danielson obtained a default judgment for $12,767.78 against David L. Lazoski in the Kent Circuit Court. Danielson also obtained a writ of execution and a writ of garnishment with regard to a $45,000 certificate of deposit with garnishee defendant First Michigan Bank that was payable to David or his father, Chester Lazoski. The plaintiff served the writ of garnishment on the bank. The bank filed a disclosure indicating it was "holding $12,861.81—request order to pay." The bank was ordered to forward that amount to the court clerk, which it did the following week. During that same week, the bank filed an amended disclosure indicating that Chester Lazoski was co-owner of the certificate of deposit. Chester moved to intervene in the garnishment action, claiming that he was the owner and sole contributor of all the certificate of deposit funds. Following the granting of his motion, he moved to dissolve the garnishment order. Chester and David testified at a hearing that all of the certificate of deposit funds were contributed by Chester. The trial court, George S. Buth, J., found that the presumption of equal ownership of the funds had been rebutted and dissolved the garnishment order and ordered the return of the $12,861.81 to Chester. The plaintiff appealed.

The Court of Appeals *held:*

With respect to garnishment proceedings regarding the certificate of deposit, Chester and David were presumed to be equal contributors and equal owners. Under this presumption, the garnishment order regarding David's assets would apply only to his half of the certificate of deposit funds. The presumption could be rebutted to show that either Chester or David owned more than one-half of the funds. If the nondebtor co-owner does not delay in intervening, the court may consider evidence that the nondebtor co-owner's interest exceeds one-

REFERENCES

Am Jur 2d, Attachment and Garnishment § 163.

Joint bank account as subject to attachment, garnishment or execution by creditor of one of the joint depositors. 11 ALR3d 1465.

half of the funds. Here, the trial court did not err in finding that Chester rebutted the presumption of equal ownership.

Affirmed.

GARNISHMENT — JOINT BANK ACCOUNTS — PRESUMPTION OF EQUAL OWNERSHIP — REBUTTING PRESUMPTION.

Co-owners of a joint bank account are presumed to be equal contributors and equal owners of the deposit funds; therefore, a garnishment order regarding one co-owner's assets applies only to that co-owner's half of the funds; the presumption may be rebutted to show that either co-owner is the owner of more than one-half of the funds where the nondebtor co-owner does not delay in intervening in the action (MCL 487.703; MSA 23.303).

*Roger G. Cotner,* for the plaintiff.

*Robert E. Robbins, P.C.* (by *Robert E. Robbins*), for Chester Lazoski.

Before: MICHAEL J. KELLY, P.J., and CONNOR and J. M. GRAVES, JR.,* JJ.

MICHAEL J. KELLY, P.J. Plaintiff appeals as of right from the trial court's dissolution of a writ of garnishment. We affirm.

On June 25, 1992, plaintiff sued defendant David Lazoski for breach of a contract to purchase a trailer rig. Plaintiff subsequently obtained a default judgment for $12,767.78, a writ of execution, and a writ of garnishment on a $45,000 certificate of deposit with garnishee defendant First Michigan Bank. The certificate of deposit was payable to Chester Lazoski or David Lazoski. Chester and David Lazoski are father and son.

Plaintiff served the writ of garnishment on First Michigan Bank on November 27, 1992. On or about December 1, 1992, the bank filed a disclosure indicating that it was "holding $12,861.81—request order to pay." First Michigan Bank was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ordered to forward this amount to the court clerk on December 10, 1992, which it did within the following week. During that same week, the bank filed an amended disclosure indicating that Chester Lazoski was co-owner of the certificate of deposit. On December 14, 1992, Chester Lazoski moved to intervene in the garnishment action, claiming that he was the owner and sole contributor of all the certificate of deposit funds. The motion was granted.

On December 29, 1992, Chester Lazoski moved to dissolve the garnishment order. At a hearing on January 8, 1993, he and David Lazoski testified that all the certificate of deposit funds were contributed by Chester Lazoski. The trial court subsequently deemed the presumption of equal ownership of the certificate of deposit funds rebutted, dissolved the garnishment order, and ordered the $12,861.81 of garnished funds returned to Chester Lazoski.

The central issue in this case involves the presumption that holders of joint bank accounts share equal ownership. The parties agree that, with respect to garnishment proceedings regarding the certificate of deposit, Chester and David Lazoski are presumed to be equal contributors and equal owners and that, under this presumption, the garnishment order regarding David Lazoski's assets applies only to his half of the certificate of deposit funds. See *Dep't of Treasury v Comerica Bank,* 201 Mich App 318, 328; 506 NW2d 283 (1993), citing *Sussex v Snyder,* 307 Mich 30, 38; 11 NW2d 314 (1943). There is no indication in the statutory or common law that the presumption of equal ownership applies solely to joint accounts under MCL 487.703; MSA 23.303. See, e.g., *Comerica Bank, supra* at 328. "An account may be joint during the lifetime of the parties without *ipso*

*facto* carrying the right of survivorship." *Leib v Genesee Merchants Bank & Trust Co,* 371 Mich 89, 95; 123 NW2d 140 (1963). Thus, we need not address plaintiff's argument that the certificate of deposit does not qualify as a joint account under MCL 487.703; MSA 23.303 because its does not include survivorship language. Further, because plaintiff argued below in favor of applying MCL 487.703; MSA 23.303, the issue is not properly preserved for appellate review. See *People v Shuler,* 188 Mich App 548, 551-552; 470 NW2d 492 (1991).

The parties disagree regarding how the presumption of equal ownership of joint accounts may be rebutted. Plaintiff argues that it may not be rebutted to show that Chester Lazoski, the nondebtor co-owner of the deposits, contributed, and therefore owns, more than half of the deposits. Rather, the presumption may be rebutted only to show that David Lazoski, the debtor co-owner, owns more than half of the deposits. Such rebuttal evidence would be useful only in situations where, unlike here, the debtor co-owner's liabilities exceed more than half of the value of the deposits. Chester Lazoski contends that the presumption of equal ownership may be rebutted in either direction.

While plaintiff relies on and is supported by *Murphy v Michigan Trust Co,* 221 Mich 243; 190 NW 698 (1922), we believe that subsequent case law supports Chester Lazoski's position. In *Murphy,* the plaintiffs were husband and wife and held a savings account and a certificate of deposit as joint owners under 1915 CL 8040, the predecessor to MCL 487.703; MSA 23.303. The *Murphy* Court held that the ownership interest of the husband, the debtor, was severable for purposes of meeting the demands of his creditors. *Id.* at 246. See also MCL 487.718; MSA 23.295(8) (providing that depos-

its in statutory joint accounts are reachable by creditors only to the extent of the debtor's ownership).[1] The Court deemed the extent of a debtor co-owner's ownership interest to be one-half of the deposits, absent proof that the debtor co-owner had contributed more than one-half of the deposits, in which case the ownership interest would exceed one-half. *Murphy, supra* at 246. The Court did not address whether a debtor co-owner can limit creditors to less than half of the deposits upon a showing that he contributed less than half of the deposits. However, it did note that the wife, the nondebtor co-owner, was in fact the principal contributor; yet, it also limited her ownership interest to one-half of the deposits. *Id.*

Plaintiff underscores the treatment of the wife's interest in *Murphy* as support for his position. However, the opinion in *Czajkowski v Lount,* 333 Mich 156; 52 NW2d 642 (1952), suggests a departure from *Murphy* in this regard. There, much like here, the defendant son was the debtor co-owner of a statutory joint account with his nondebtor mother. When the son's creditors attempted to execute a writ of garnishment over the joint account, the mother moved to intervene, claiming that she owned and had contributed all the funds in the account. Relying on *Murphy,* the Court rejected the mother's claim, but not for the reasons advanced by plaintiff. Rather, the Court determined that the mother had filed her claim too late. It held that, upon setting up a joint account, a nondebtor co-owner and principal contributor of

---

[1] We note that MCL 487.718; MSA 23.295(8), cited *supra,* does not dictate what presumptions apply in determining the extent of a debtor's ownership interest in a joint account shared with a nondebtor. Nor does it indicate how those presumptions may be rebutted. The plain language of the provision, however, does emphasize the actual extent of the debtor's ownership and does not create the rule, advocated by plaintiff, that creditors always are entitled to reach half of the account regardless of the debtor's actual contributions.

deposits in the account effectively represents to the bank that she is the owner of one-half of the deposits. The bank subsequently may rely on that implied representation and pay the debtor co-owner's creditors pursuant to a garnishment order, after which time the nondebtor co-owner is estopped from retracting her implied representation of equal ownership. *Czajkowski, supra* at 164-165. *SNB Bank & Trust v Kensey,* 145 Mich App 765, 773; 378 NW2d 594 (1985) (allowing the nondebtor co-owner of future rental payments to intervene after issuance but before execution of a garnishment order regarding the future rental payments).[2] Presumably, then, if the nondebtor co-owner does not delay in intervening, a court may consider evidence that the nondebtor co-owner's ownership interest exceeds one-half of the deposits.

Plaintiff's position is also undermined by this Court's opinion in *American Nat'l Bank v Modderman,* 37 Mich App 639; 195 NW2d 342 (1972), in which, like *Murphy,* a debtor husband and nondebtor wife were joint owners of a savings account and, unlike *Czajkowski,* the nondebtor co-owner timely notified the garnishee bank of her status as sole contributor and owner of the deposits in the account. Despite the nondebtor co-owner's claims, the Court permitted the debtor co-owner's creditors to reach half of the deposits. However, the Court did not rely on the proposition that the nondebtor co-owner was precluded from proving

---

[2] Whether Chester Lazoski was estopped from intervening in this action and claiming a majority or sole ownership interest in the certificate of deposit funds is unclear from the record provided. Apparently, the garnishee bank did not forward the amount of the judgment to the court clerk until after Chester Lazoski had filed his motion to intervene. In any case, the applicability of *Czajkowski* and the doctrine of estoppel is not an issue properly before this Court because plaintiff did not oppose the motion to intervene and did not raise the issue of estoppel below. See *Deal v Deal,* 197 Mich App 739, 741; 496 NW2d 403 (1993).

sole ownership. Rather, it found that the trial court did not err in deeming the evidence of sole ownership unpersuasive and relying on the presumption of equal ownership. *American Nat'l, supra* at 642. Here, the trial court deemed the evidence persuasive. While it is readily apparent that the witnesses who provided such evidence—namely, Chester and David Lazoski—were self-interested, an appellate court must give special deference to a trial court's findings regarding credibility. *Stanton v Dachille,* 186 Mich App 247, 255; 463 NW2d 479 (1990).

This Court's more recent decision in *Comerica Bank, supra,* also suggests that the presumption of equal ownership may be rebutted in favor of either co-owner. There, the Department of Treasury was permitted to levy on the entire amount of a bank account held jointly by a delinquent taxpayer and an innocent third party; however, this right of levy was deemed merely a procedural right rooted in tax law. *Id.* at 328-329. The nondebtor co-owner was permitted to reclaim his contributions if he could establish them. *Id.* at 329. The Court did not limit the nondebtor co-owner to reclaiming only up to half of the deposits.

Affirmed.