**In the matter of Toni Jane OLSON, Debtor.**

**No. 09–66979–MBM.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

March 1, 2010.

## OPINION SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION

MARCI B. McIVOR, Bankruptcy Judge.

This matter is before the Court on the Trustee's Objection to Debtor's Exemption of an annuity pursuant to Mich. Comp. Laws § 500.4054. Subsequent to the filing of the Trustee's Objection, Debtor filed amended exemptions, omitting the annuity entirely, claiming that the annuity belongs to her spouse and is not property of the estate. For the reasons stated in this Opinion, the Trustee's Objection to the Exemption is sustained. Debtor's one-half interest in the annuity is property of the estate and may not be exempted by Debtor.

### I. *Background*

In June, 2006, Debtor's spouse received a lump-sum settlement arising from a motorcycle accident. On October 2, 2006, a portion of those funds was used to purchase an annuity through John Hancock Life Insurance Company (hereinafter "the annuity").[1] According to the specification page of the annuity contract, Debtor and her spouse are co-owners of the annuity, and their children are listed as beneficiaries.[2]

Debtor filed a voluntary chapter 7 bankruptcy petition on August 31, 2009. Debtor's original schedule C valued the annuity at $76,860.41 and sought to exempt the entire amount pursuant to Mich. Comp.

Michael A. Greiner, Financial Law Group, P.C., Warren, MI, for Debtor.

Michael Stevenson, Southfield, MI, Trustee.

---

1. The annuity is described as a "Principal Plus for Life. Principal Plus for Life is a guaranteed minimum withdrawal benefit that can help take the uncertainty out of providing for your future ... [it] guarantees that at a minimum, every penny you put into the contract will come back to you as retirement income, as long as your withdrawals do not exceed 5% of the guaranteed amount per year. If your payment begins on or after you turn 65, your payments are guaranteed to last for the rest of your life."

2. The annuity contract defines "owner" as "[t]he person, persons or entity entitled to the ownership rights under this Contract. The Owner is as designated on the Specifications Page, unless changed."

Laws § 500.4054 (Proceeds of policy; exemption from creditors). On October 16, 2009, the Trustee objected to the exemption, asserting that the state statute relied on was inapplicable. On December 16, 2009, Debtor amended her exemptions and omitted the annuity from Schedule C entirely. Amended Schedule B lists the annuity as a joint asset with zero value, and describes it as an "Annuity through John Hancock. Non-filing husband contributed 100% of proceeds—value of $76,860.41 at time of filing. Proceeds were the result of a settlement from an injury accident. He is the real and equitable owner of the proceeds. Either the property is not property of the estate under § 541(d) or the Debtor's share is zero because she contributed nothing to the fund." (Debtor's Amended Schedule B).

The Trustee asserts that at the time Debtor's bankruptcy petition was filed, Debtor had a one-half interest in the annuity, and that Debtor's interest belongs to the estate. Debtor contends that because the annuity was funded with proceeds of a settlement belonging solely to Debtor's non-filing spouse, she (and therefore, the bankruptcy estate) has no interest in the annuity.

## II. *Analysis*

### A. *The Annuity is Property of the Estate under 11 U.S.C. § 541*

■ Section 541 of the Bankruptcy Code defines property of the estate. It provides, in relevant part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(1). Section 541 is intended to be very broad. That Congress "inten[ded] to define property of the estate in the broadest possible sense is evident from the language of the statute, which initially defines the scope of estate property to be all legal or equitable interests of the debtor in property as of the commencement of the case, wherever located and by whomever held". 5 *Collier's on Bankruptcy*, ¶ 541.01 at 541–8.2 (Alan N. Resnick, *et. al.*, eds., 15th ed.2008). Property rights, in bankruptcy, are defined by state law. *Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

■ At the commencement of the present case, Debtor was clearly a co-owner of the annuity. Regardless of the source of the funds used to purchase the annuity, at the time Debtor's bankruptcy petition was filed, Debtor was listed as a co-owner and co-annuitant with full access to the asset. The purchase of the jointly held annuity with funds belonging to only one spouse is indistinguishable from the purchase of any other joint asset with funds belonging solely to one spouse: if an individual uses his or her own personal funds to buy a car or a house, and the spouse's name is included on the deed or title to the house or car, the asset clearly becomes a joint asset. Requiring the Court to determine the source of funds used to purchase jointly held assets, be it a house, a car, or an annuity, in an effort to determine ownership, unduly complicates a straightforward question. As a general rule, in order to determine ownership, the Court need only look at a title, a deed, or in the present case, the annuity contract in question.

In the instant case, the nature of the annuity clearly renders it property of the estate. Debtor and her non-filing spouse are co-owners of the annuity. The pur-

pose of the "Principal Plan for Life" annuity is to provide a stream of retirement income to Debtor and her non-filing spouse. The annuity was purchased in 2006, almost three years prior to the filing of Debtor's bankruptcy. As a co-owner, Debtor could make withdrawals from the balance of the funds in the annuity. These facts all support the conclusion that the annuity is property of the estate under 11 U.S.C. § 541.

■ Debtor makes two arguments as to why the annuity is not property of the estate. First, Debtor asserts that "absent evidence to the contrary, there is a presumption that funds jointly held are equally owned." Debtor then argues that because the annuity was funded with money belonging to Debtor's non-filing spouse, she has rebutted the presumption. This Court doubts that the presumption regarding jointly held funds applies to the annuity account at issue in the present case.[3] Assuming, *arguendo*, that there is a presumption that the annuity is equally owned by Debtor and her spouse, Debtor's spouse cannot rebut the presumption. As noted above, Debtor's spouse used the proceeds of a lawsuit settlement to purchase an annuity which is jointly owned by Debtor and her spouse. Once Debtor's spouse purchased an asset in which Debtor has equal ownership and equal benefits, he lost any defense that the annuity belongs entirely to him. To the extent that the presumption is applicable at all, it is the right of the *Trustee* to rebut the presumption and assert that the annuity contract allows Debtor (and thus the Trustee) to withdraw 100% of the assets in the annuity. Instead, the Trustee in the instant case has elected to honor the presumption that

funds are equally owned, and is thus seeking only one-half of the funds in the jointly owned annuity.

In further support of the argument that the annuity is not property of the estate, Debtor cites cases in which a tax refund, resulting from a jointly filed tax return, is determined not to be property of the estate if the refund is traceable to the income of the non-filing spouse. *See Carlson v. Moratzka (In re Carlson)*, 394 B.R. 491 (8th Cir. BAP 2008); *Kleinfeldt v. Russel (In re Kleinfeldt)*, 287 B.R. 291 (10th Cir. BAP 2002); *In re Gartman*, 372 B.R. 790 (Bankr.D.S.C.2007). In these cases, the courts held that the debtor did not have an ownership or property interest in the non-filing spouse's tax refund where the refund was attributable to the non-filing spouse's income. Since the debtors in those cases did not have a property interest in the refunds, the refunds were not property of the debtors' estates. In the present case, this Court has already ruled that the annuity contract gives Debtor a property interest in the annuity, thus, the tax refund cases are inapposite.

### B. The Annuity Cannot be Exempted under Mich. Comp. Laws § 500.4054

■ Having determined that the annuity is property of the estate, the Court turns to the question of whether Debtor may exempt a portion of the annuity. 11 U.S.C. § 522 sets forth certain property that the Debtor may exempt from property of the estate. The purpose of personal exemptions in bankruptcy is to ensure that the individual does not emerge from bankruptcy destitute, and to ensure that the individual has the basic necessities to en-

---

**3.** The presumption arises by way of case law, and the cases cited by Debtor in her brief involve bank accounts and certificates of deposit. *See Sussex v. Snyder*, 307 Mich. 30, 11 N.W.2d 314 (1943); *Danielson v. Lazoski*, 209 Mich.App. 623, 531 N.W.2d 799 (1995); *Dep't of Treasury v. Comerica Bank*, 201 Mich.App. 318, 506 N.W.2d 283 (1993); *Esling v. City Nat. Bank & Trust Co.*, 278 Mich. 571, 270 N.W. 791 (1936).

able him to have the "fresh start" that is the goal of bankruptcy. *In re Long,* 260 B.R. 859, 861 (Bankr.S.D.Ohio, 2001). Exemption statutes should be construed liberally in favor of the debtor. *Wallerstedt v. Sosne (In re Sosne),* 930 F.2d 630, 631–32 (8th Cir.1991).

■ Section 522(b)(3) permits a debtor to exempt property pursuant to state exemption statutes. In the present case, Debtor originally sought to exempt the annuity pursuant to Mich. Comp. Laws § 500.4054. That section states in its entirety:

(1) Any authorized life insurer shall have power to hold the proceeds of any life or endowment insurance or annuity contract issued by it (a) upon such terms and restrictions as to revocation by the insured and control by beneficiaries; (b) **with such exemptions from legal process and the claims of creditors of beneficiaries other than the insured;** and (c) upon such other terms and conditions, irrespective of the time and manner of payment of said proceeds, as shall have been agreed to in writing by such insurer and the insured or beneficiary.

(2) Such insurer shall not be required to segregate funds so held but may hold them as a part of its general corporate assets.

(3) Any life or endowment insurance or annuity contract issued by a domestic, foreign or alien insurer may provide that the proceeds thereof or payments thereunder shall **not be subject to the claims of creditors of any beneficiary other than the insured or any legal process against any beneficiary other than the insured;** and if the said contract so provides, the benefits accruing thereunder to such beneficiary other than the insured shall not be transfer-able nor subject to commutation or encumbrance, or to process.

Mich. Comp. Laws § 500.4054 (emphasis added). A straightforward reading of this statute discloses that it does not protect the *insured* against claims his or her creditors make on the proceeds of the insurance or annuity fund. Rather, the statute protects the *insurer* from claims that *beneficiaries'* creditors make on the proceeds of the fund. This statute does not allow Debtor, the "insured", to exempt her interest in the annuity.

The last paragraph of Debtor's brief states that if the Court finds that Debtor has an interest in the annuity, the annuity is exemptible under § 522(d)(10)(E)(the federal exemptions). That section exempts,

The debtor's right to receive—

(E) a payment under a stock bonus, pension, profitsharing, **annuity,** or similar plan or contract **on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor,** unless—

(I) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

11 U.S.C. § 522(d)(10)(E)(emphasis added).

Debtor's interest in the annuity at issue in this case does not appear to be protected by § 522(d)(10)(E). However, because neither party briefed this issue, Debtor

has 14 days to file an amended Schedule C. If Debtor chooses to amend her exemptions, she **must** file a brief in support of her position that her interest in the annuity may be exempted pursuant to 11 U.S.C. § 522(d)(10)(E). If Debtor files an amended Schedule C and a brief, the Trustee has 14 days to file an objection to the amended exemptions and to file a response brief.

### III. *Conclusion*

For the foregoing reasons, the Trustee's Objection to Debtor's Exemption is sustained. The annuity is property of the bankruptcy estate, and it cannot be exempted pursuant to Mich. Comp. Laws § 500.4054.